STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Below, Appellant,

v.

Lydia B. WAGAMON, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: March 8, 1988.
Decided: May 10, 1988.

Stephen P. Casarino (argued), and Sherry Ruggiero of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant.

W. Wade W. Scott (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before HORSEY, MOORE and HOLLAND, JJ.

MOORE, Justice.

This appeal concerns the validity of an automobile insurance provision, commonly known as a "household exclusion", which purports to deny liability insurance coverage to an insured party for any personal injury claim brought by a member of the insured's family residing with the insured. Thus we consider for the first time whether such a provision conflicts with the Delaware mandatory liability insurance statute, 21 *Del.C.* § 2118(a)(1) (1985). State Farm Mutual Automobile Insurance Company (State Farm) appeals a decision of the Superior Court declaring the household exclusion provision invalid. The trial court held that the exclusion violates the public policy expressed in § 2118 by limiting the financial protection required by law. We agree and affirm. The clear purport of § 2118 is to provide basic insurance coverage for all personal injury claims arising out of an automobile accident regardless of the plaintiff's relationship to the insured.

I.

On January 10, 1984, Lydia B. Wagamon was involved in an accident while driving an automobile with permission of the owner. Wagamon had one passenger, her mother Edith Barker, with whom she resides. Later, the mother sued her daughter for personal injuries sustained in the accident.

State Farm provided liability insurance coverage on the vehicle in the amounts of $50,000 per person and $100,000 per occurrence. Although Mrs. Wagamon was a defined "insured" under the policy, State Farm denied liability coverage for Mrs. Wagamon's mother's claim because the policy contained a "household exclusion" as to any claim for bodily injury brought by a member of an insured's family residing with the insured.[1] However, State Farm did provide no-fault benefits to the mother, Mrs. Barker, under the personal injury protection provisions of the policy.[2]

Thereafter, Nationwide Insurance Company (Nationwide), Mrs. Wagamon's insur-

---

**1.** The pertinent policy provision reads:
   THERE IS NO COVERAGE ...:
      *   *   *   *   *   *
     2. FOR ANY *BODILY INJURY* TO:
        *   *   *   *   *   *
      c. ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD.

**2.** *See* 21 *Del.C.* § 2118(a)(2) (1985).

er, provided a defense for her and ultimately settled Mrs. Barker's claim for $20,000. The Nationwide policy did not contain a household exclusion clause. Nationwide, as subrogee, sought a declaratory judgment that State Farm's denial of coverage violated the mandatory liability insurance provision of § 2118, and also sued for a portion of its settlement and defense costs. The Superior Court ruled the "household exclusion" provision invalid as against the public policy of § 2118 and the Delaware Financial Responsibility Law.

On appeal, State Farm contends that the exclusion does not violate any public policy, and is a valid and customary condition of automobile liability insurance. Alternatively, State Farm argues that the exclusion is invalid only to the extent it abrogates the minimum policy limits required by the Financial Responsibility Law, but that it is valid respecting limits in excess of those amounts.

## II.

At common law a person was barred from suing a member of his own family by the doctrine of intrafamily immunity. This was grounded in the notion that intrafamily suits would cause internal family discord. In the middle part of this century intrafamily immunity began a gradual erosion, primarily due to the emergence of liability insurance.[3] An intrafamily suit against an insured party held little danger of creating family discord. Ashdown, *Intrafamily Immunity, Pure Compensation, and the Family Exclusion Clause,* 60 Iowa L.Rev. 239, 254–58 (1974). However, a corollary to this was the prospect of collusive suits.

To counter the abrogation of intrafamily immunity the insurance industry introduced the "family exclusion" or "household exclusion", which purportedly was designed to prevent collusive suits by families. *Id.* at 254; Moore, *The Case for Retention of Interspousal Tort Immunity,* 7 Ohio N.U.L.Rev. 943, 950–51 (1980). Al-

though these clauses essentially nullified the judicial trend to abrogate intrafamily immunity, most courts were initially reluctant to hold them invalid.

However, with the passage by several state legislatures of Financial Responsibility Laws, requiring all automobile drivers to be insured against liability up to a minimum amount, the courts have begun to invalidate household exclusion clauses. 12 M. Rhodes, *Couch Cyclopedia of Insurance Law 2d,* §§ 45:490–532 (1981); *see also* Annotation, *Validity, Under Insurance Statutes, of Coverage Exclusion for Injury to or Death of Insured's Family or Household Members,* 52 A.L.R. 4th 18 (1987). Such statutes are designed to provide compensation to accident victims. Thus, courts have been forced to balance insurance company concerns about collusion against a legislative mandate that victims be compensated, and a judicial policy which disfavors intrafamily immunity. The result has been the general invalidation of the household exclusion. *See Arceneaux v. State Farm Mut. Auto. Ins. Co.,* 113 Ariz. 216, 550 P.2d 87 (1976); *Meyer v. State Farm Mut. Auto. Ins. Co.,* 689 P.2d 585 (Colo.1984); *DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981); *Bishop v. Allstate Ins. Co.,* 623 S.W.2d 865 (Ky. 1981); *Jennings v. Government Employees Ins. Co.,* 302 Md. 352, 488 A.2d 166 (1985); *State Farm Mut. Auto. Ins. Co. v. Sivey,* 404 Mich. 51, 272 N.W.2d 555 (1978); *Estep v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 105, 703 P.2d 882 (1985); *Estate of Neal v. Farmers Ins. Exch.,* 93 Nev. 348, 566 P.2d 81 (1977); *Hughes v. State Farm Mut. Auto. Ins. Co.,* 236 N.W.2d 870 (N.D.1975); *Jordan v. Aetna Casualty & Sur. Co.,* 264 S.C. 294, 214 S.E.2d 818 (1975); *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wash.2d 203, 643 P.2d 441 (1982) *rev'd on other grounds, Progressive Casualty Ins. Co. v. Jester,* 102 Wash.2d 78, 683 P.2d 180 (1984). *See generally* Annotation, *supra.*

---

**3.** This phenomena has been more recent in Delaware. *See e.g., Williams v. Williams,* Del. Supr., 369 A.2d 669 (1976) (parental immunity inapplicable up to the amount of automobile insurance).

## III.

■ The Delaware Financial Responsibility Law mandates a system of insurance intended to protect and compensate persons injured in automobile accidents. This law requires motorists to purchase, and insurance carriers to provide, both liability and no-fault compensation coverage. 21 *Del.C.* § 2118(a) (1985). Here, we consider an insurance policy provision, purporting to exclude liability coverage for certain intrafamily claims, which is in apparent conflict with Delaware law.

The provision requiring liability insurance coverage is § 2118(a)(1):

(a) No owner of a motor vehicle required to be registered in this State, other than a self-insurer pursuant to § 2904 of this title, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

(1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle to the limit, exclusive of interest and costs, of at least the limits prescribed by the Financial Responsibility Law of this State.

Because of the express reference in § 2118(a)(1) to the Financial Responsibility Law, 21 *Del.C.* Ch. 29 (1985), the two statutes must be read together. *Nationwide Mut. Ins. v. Krongold,* Del.Supr., 318 A.2d 606 (1974). The specific minimum liability limit is found in § 2902(b)(2):

(b) Such owner's policy of liability insurance shall:

\* \* \* \* \* \*

(2) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and

costs, with respect to each such motor vehicle, as follows: $15,000, because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person $30,000, because of bodily injury to or death of 2 or more persons in any 1 accident, and $5,000, because of injury to or destruction of property of others in any 1 accident.

The plain meaning of these two sections is clear and unambiguous: motor vehicles registered in Delaware must be insured against legal liability up to the stated limits for the benefit of the named insured and any person operating the vehicle with the permission of the insured. The nature of the coverage required by § 2118(a)(1) relates to, "indemnity from legal liability for bodily injury, death or property damage", while § 2902 simply requires insurance "against loss from the liability imposed by law for damages...." Significantly, however, neither statute restricts liability coverage to certain claims based upon the relationship of the plaintiff to the defendant. Rather, both provisions are drafted in broad language which provides for liability coverage for *all* claims up to the stated limits, regardless of the identity of the plaintiff.

This broad coverage is consistent with the legislative intent. Reading both statutes *in pari materia* can only lead to the conclusion that § 2118 was meant to protect persons injured in an automobile accident, regardless of their affiliation with the insured. *See Richardson v. Wile,* Del. Supr., 535 A.2d 1346, 1350 (1988). Any attempt to restrict this class of protected persons is invalid. *See State Farm Mut. Auto. Ins. Co. v. Abramowicz,* Del.Supr., 386 A.2d 670 (1978).

The State Farm policy clearly conflicts with the statutory scheme of sections 2118 and 2902. The law admits of no exclusion intended to deny compensation to a portion of the class of victims which the statutes were designed to protect.

State Farm relies upon 21 *Del.C.* § 2118(e) (1985), permitting insurance policy conditions and exclusions customary to

the field of liability insurance. That contention fails for several reasons. First and foremost, the very language of § 2118(e) repudiates the argument:

> (e) The coverage described in paragraphs (1) through (4) of subsection (a) of this section may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance *and not inconsistent with the requirements of this section....*

21 *Del.C.* § 2118(e) (1985) (emphasis added). Since a household exclusion provision conflicts with the basic requirement of providing minimum legal liability coverage for claims by victims of an automobile accident, regardless of their relationship to the insured, it follows that there is no exception under § 2118(e).

Secondly, State Farm has not established any factual record demonstrating that such a clause is "customary to the field" in Delaware. The mere presence of a household exclusion in State Farm's policy does not support the proposition. Nationwide's policy issued to Wagamon contains no such exclusion. Furthermore, the existence of household exclusion clauses in policies issued elsewhere by other companies, and the determination by courts of other states that such a clause is customary, do not convince us that the exclusion is customary in Delaware, and consistent with the public policy expressed in sections 2118 and 2902.

Finally, the express inclusion of "named insureds or members of their households" within the coverage limits of § 2118(a)(2) d, e and f further demonstrates that such an exclusion is inconsistent with section 2118(e).[4] Had the legislature considered the household exclusion as customary under section 2118(e), there would have been no need for the express reference to members of households in these subsections.

## IV.

■ Finally, State Farm contends that if the household exclusion is found invalid, the extent of that company's liability for "household" claims should not exceed the minimum limits provided in 21 *Del.C.* § 2902 (1985). We reject that argument for two reasons.

First, we have found the State Farm provision to be violative of public policy. Accordingly there is no basis for us to reform this exclusion without the full agreement of the parties.

Second, when finding a contract provision violative of public policy, we follow the well-established rule of construction that if the offending provision is separable, it should be stricken, while the remaining contract provisions should be enforced. *See* 17 Am.Jur.2d *Contracts* § 230 (1964); *Capital Bakers, Inc. v. Leahy*, Del. Ch., 178 A. 648, 650 (1935). Here, the household exclusion is entirely separable, and can be severed from the policy without

---

4. The pertinent subsections state:

d. The coverage required by this paragraph shall also be applicable to the named insureds *and members of their households* for accidents which occur through being injured by an accident with any motor vehicle other than a Delaware insured motor vehicle while a pedestrian or while occupying any registered motor vehicle other than a Delaware registered insured motor vehicle, in any state of the United States, its territories or possessions or Canada.

e. The coverage required in this paragraph shall apply to pedestrians only if they are injured by an accident with any motor vehicle within the State except as to named insureds or *members of their households* to the extent they must be covered pursuant to subparagraph d. of this paragraph.

f. The owner of a vehicle may elect to have the coverage described in this paragraph writ-

ten subject to certain deductibles, waiting periods, sublimits, percentage reductions, excess provisions and similar reductions offered by insurers in accordance with filings made by such insurers with the Department of Insurance; applicable to expenses incurred as a result of injury to the owner of a vehicle *or members of his household;* provided that the owner of a motorcycle may elect to exclude from such coverage expenses incurred as a result of injury to any person riding such vehicle while *not* on a highway and in any case of injury when no other vehicle was involved by actual collision or contact. This election must be made in writing and signed by the owner of the vehicle; insurers issuing such policies may not require such reductions.

21 *Del.C.* § 2118(a)(2)d–f (1985) (emphases added).

rendering the remaining provisions unenforceable. Under the circumstances the invalid exclusion should not be partially revived at State Farm's behest.

Accordingly, the judgment of the Superior Court is AFFIRMED.