Christine HARRIS, Defendant
Below, Appellant,

v.

**PRUDENTIAL PROPERTY AND CASU-
ALTY INSURANCE COMPANY,**
Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 19, 1993.
Decided: Dec. 1, 1993.

Bernard Van Ogtrop (argued), and Paula G. Caputo, Cooch and Taylor, Wilmington, for appellant.

R. Stokes Nolte, Bailey & Wetzel, Wilmington, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

WALSH, Justice:

In this appeal we address the question of whether, and to what extent, an insurer may invoke the cooperation clause of an automobile liability policy to limit the claim of a third party against an insured where liability coverage is mandated by law. The Superior Court ruled that where an insured fails to cooperate with a liability carrier in the defense of a claim, the insurer may not avoid its responsibility to respond in the minimum amount of liability coverage required under the Delaware Financial Responsibility Law but may disclaim coverage in excess of that amount. We conclude that the liability carrier's obligation to provide coverage in the

amount of the statutory minimum is absolute but there is no public policy bar to the avoidance of excess coverage where the insured fails to cooperate. Accordingly, we affirm the decision of the Superior Court.

## I

The essential facts underlying the coverage question are not disputed. The appellant, Christine Harris ("Harris"), was injured in a three car accident in March, 1989, in which a car driven by Deborah H. Stewart ("Stewart") went through a stop sign and struck Harris' car which was then rear-ended by a vehicle driven by Quinetta Jackson ("Jackson"). At the time of the accident, Jackson was driving a vehicle owned by her mother, Joyce Johnson ("Johnson"), who was insured by the appellee, Prudential Property and Casualty Insurance Company ("Prudential"), with a liability policy limit of $100,000.

Harris brought suit against both Stewart and Jackson, jointly, to recover damages for her injuries. In conformity with Johnson's policy, Prudential defended Jackson as an insured in the Harris litigation. Despite efforts by Prudential to induce Jackson to attend her scheduled depositions, Jackson failed to appear on three separate occasions. As a result of Jackson's failure to attend her final court-ordered deposition, Harris was awarded a default judgment. Thereafter the Superior Court conducted an inquisition on damages in which Prudential participated but without the presence of Jackson. The inquisition resulted in an award of $54,000 in damages against Jackson.

Prudential then filed a complaint for declaratory relief against all parties involved in the accident to disclaim its liability under the policy. In seeking summary judgment, Prudential contended that its policy became void when Jackson failed to cooperate in the defense of the claim in violation of the cooperation clause in the policy.[1] In a cross-motion for summary judgment, Harris sought to compel Prudential to pay the full amount of the judgment entered against Jackson.

The Superior Court ruled that the insured's failure to cooperate could not be asserted by Prudential to disclaim its liability for the minimum insurance required by the Financial Responsibility Law, *i.e.*, $15,000. However, the court determined that Prudential was not barred from raising the insured's noncooperation as a defense to any coverage in excess of the minimum required by statute. This appeal by Harris followed.

## II

The Delaware Financial Responsibility Law, 21 *Del.C.* Ch. 29, requires all operators of motor vehicles within the State to secure certain insurance to protect and compensate all persons injured in automobile accidents. *State Farm Mut. Auto. Ins. Co. v. Wagamon*, Del.Supr., 541 A.2d 557, 560 (1988). Every Delaware motorist must procure both liability and no-fault insurance coverage. 21 *Del.C.* § 2118(a). Similarly, every insurance carrier must issue motor vehicle liability policies which include at least $15,000 of coverage per person to insure "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle." 21 *Del.C.* § 2902(b)(2).

■■■ The insurer's liability is "absolute" to the extent of the statutory minimum regardless of whether the insured has violated any conditions or requirements contained within the policy.[2] In the absence of express legislative authority, no policy exclusions af-

---

1. The pertinent insurance policy provision reads: Persons making a claim under this policy must:
   1. Inform us of the details of the accident or loss in writing, if requested.
   2. Cooperate with us in investigating, settling or defending any loss or suit. Cooperation includes attending hearings and trials, helping in suing others who are responsible for the accident, giving evidence, and helping us get witnesses to attend a trial.

2. 21 *Del.C.* § 2902 provides in pertinent part:

   (f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:
   (1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs ... and no violation of such policy shall defeat or void such policy....

fecting statutory minimum coverage will be recognized. *See Frank v. Horizon Assurance Co.*, Del.Supr., 553 A.2d 1199, 1203–05 (1989). It is clear, therefore, as the Superior Court ruled, that an insurer's disclaimer of liability under a cooperation clause, directed to the minimum coverage, conflicts with the statutory purpose to compensate all accident victims. Accordingly, Prudential was obligated to provide the minimum $15,000 of coverage despite Jackson's failure to cooperate.

Harris contends, however, that Prudential's liability extends beyond the statutory minimum to the limits of the insurance policy, notwithstanding the insured's failure to cooperate. The pertinent statutory language, however, does not support that result. The Financial Responsibility Law contemplates absolute liability for insurers only "with respect to the insurance required by this chapter [$15,000]." 21 *Del.C.* § 2902(f)(1). Insurance coverage in excess of the statutory minimum is not subject to the restraints of the Financial Responsibility Law as the following provision makes explicit:

> (g) Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy *and such excess or additional coverage shall not be subject to this chapter.* With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

19 *Del.C.* § 2902(g) (emphasis added). Since it is not disputed that Prudential's insured failed to cooperate in the defense of the underlying claim, Prudential may assert such noncooperation to disclaim any liability beyond the statutory minimum, so long as the cooperation clause is valid and consistent with the public policy of this State. *Accord Tibbs v. Johnson*, 30 Wash.App. 107, 632 P.2d 904, 907 n. 2 (1981) ("Noncooperation may be used as a defense to the extent the policy limits exceed the statutory minimum, if factually proved.").

### III

██ Harris argues that the public policy inherent in the Financial Responsibility Laws prohibits Prudential from restricting its liability to the statutory minimum. This Court has struck down various exclusions in insurance policies as violative of the public policy which favors full compensation to victims of automobile accidents. *State Farm v. Wagamon*, 541 A.2d at 561–62; *Bass v. Horizon Assur. Co.*, Del.Supr., 562 A.2d 1194, 1197–98 (1989); *Hudson v. State Farm Mut. Ins. Co.*, Del.Supr., 569 A.2d 1168 (1990). In *Wagamon*, we held that a household exclusion in an automobile policy which excluded liability coverage for claims brought by certain members of the insured's family was contrary to public policy. 541 A.2d at 561. Similarly, in *Bass*, we ruled that driving under the influence (DUI) exclusion was contrary to the public policy of providing insurance regardless of fault under 21 *Del.C.* § 2118. 562 A.2d at 1198. Finally, in *Hudson*, we held that an implied exclusion for reckless or intentional conduct by the insured was contrary to the public policy underlying the Financial Responsibility Laws. 569 A.2d at 1171–72. While these exclusions implicate legitimate public policy interests, a cooperation clause in an insurance contract does not rise to the same level of public concern.

██ Automobile liability insurance policies typically contain cooperation clauses which consistently have been upheld by the courts. 8 J. Appleman, *Insurance Law and Practice* § 4771 (1981). A cooperation clause is material to the insurance contract and a substantial breach of the provision by the insured provides a legitimate defense to the insurer if factually proven. *Brooks v. Transp. Co. v. Merchants' Mut. Cas. Co.*, Del.Super., 171 A. 207, 213 (1934). The purpose of the clause is to prevent collusion between the insured and the injured party and to allow the insurer an opportunity to conduct a reasonable investigation of the underlying claim. 12A M. Rhodes, *Couch Cyclopedia of Insurance Law 2d*, § 51:106 (1981). We find no innate public policy conflict in permitting an insurer to require the cooperation of an insured in the defense of a

claim where the mandatory minimum coverage has been satisfied.

Cooperation by the insured is essential if the insurer is to present an effective defense or pursue settlement in the litigation. The insured's failure to cooperate adversely affects the insurer's ability to prepare a successful defense and thereby increases the injured claimant's probability of obtaining a recovery to the detriment of the insurance carrier. 2 Long, *The Law of Liability Insurance*, § 14.01 (1993). Given the legitimate interest of protecting the insurer's ability to present and prosecute a defense for the benefit of its insured, we find no public policy violation in allowing an insurer to raise an insured's noncooperation as a defense to liability for coverage above the statutory minimum.

Accordingly, the judgment of the Superior Court is AFFIRMED.