**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| LYNN SMAIL and | ) | |
| GEORGE SMAIL, h/w, | ) | C.A. No. 09C-06-053 RRC |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FELIX E. RIVERA, as employee, | ) | |
| agent or representative of TITO | ) | |
| VITERI TRUCKING CORP. and/or | ) | |
| TITO VITERI TRUCKING, INC., a | ) | |
| New Jersey corporation, TITO | ) | |
| VITERI TRUCKING CORP., a New | ) | |
| Jersey corporation, TITO VITERI | ) | |
| TRUCKING, INC., a New Jersey | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 30, 2014
Decided:  August 27, 2014

Upon Defendants' Motion for Reconsideration of Commissioner's Order.
**DENIED.**

### <u>ORDER</u>

Jonathan Layton, Esquire, Layton and Associates, P.A., Wilmington, Delaware, Attorney for Plaintiffs.

Kimberly Meany, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware, Attorney for Defendants.

COOCH, R.J.

This 27th day of August 2014, upon consideration of Defendants' Motion for Reconsideration of Commissioner's Order as to Defendants' Motion for Satisfaction of Judgment, it appears to the Court that:

1. On June 5, 2009, Lynn and George Smail (hereinafter "Plaintiffs") filed a Complaint seeking to recover for damages from a motor vehicle accident, which occurred on June 6, 2007.[1] The Defendants (hereinafter collectively referred to as "Defendants") failed to respond to the Complaint and Plaintiffs' Motion for Default Judgment was granted on January 10, 2010.[2] An Inquisition Hearing to determine Plaintiffs' damages was also ordered.[3] In the interim between the Default Judgment and the Inquisition Hearing, Defendants' insurer, Allstate Insurance Company ("Allstate"), attempted to settle the case for $15,000. That offer was rejected.[4]

2. At the Inquisition Hearing held on January 10, 2011, the Commissioner awarded Plaintiffs special damages in the amount of $22,624 and general damages of $35,000, for a total of $47,624.[5] On October 9, 2013, Allstate issued a check (no. 165148209) to Plaintiffs for $15,000, which the Plaintiffs rejected as payment and returned to Defendants' counsel.[6] Thereafter, Defendants requested the Court partially satisfy the judgment in the amount of $15,000.[7] The Commissioner denied that motion in a hearing on March 7, 2014, stating that Defendants failed to provide any basis for the Court to require Plaintiffs to accept the partial payment in response to Plaintiffs "very valid reasons" for rejecting the payment in accordance with their legal strategy.[8]

3. Review of the Commissioner's decision is governed by Superior Court Rule of Civil Procedure 132 (a)(3)(iv).[9] The present Motion for Reconsideration

---

[1] Defs.' Mot. for Reconsideration of Commr.'s Or. at 1.
[2] Pls.' Response at 2.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 2-3.
[6] Defs.' Mot. for Reconsideration of Commr.'s Or. at 1; Pls.' Response at 3.
[7] Defs.' Mot. for Reconsideration of Commr.'s Or. at 2.
[8] Ex. B to Defs.' Mot. for Reconsideration of Commr.'s Or. at 10. Plaintiffs stated at the hearing they intend to transfer their judgment to New Jersey and were concerned acceptance of a partial payment would allow Defendants to later argue accord and satisfaction. *Id.* at 6.
[9] "A judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion." Super. Ct. Crim. R. 132 (a)(3)(iv).

of Commissioner's Order asks the Court to reverse the Commissioner's decision as "clearly erroneous."[10] Defendants argue Plaintiffs are not entitled to seek payment of the entire judgment plus interest in New Jersey when Defendants have offered a partial payment.[11] Defendants contend that the judgment must be reduced by the $15,000 attempted partial payment pursuant to 10 *Del. C.* § 4751.[12]

4. Plaintiffs argue that Defendants' attempted partial payment is actually a further attempt to settle the matter.[13] Plaintiffs take the position that 10 *Del. C.* § 4751 does not require them to accept partial payment and they will continue to pursue execution on the full amount in the state of New Jersey and notify the Court when Defendants have satisfied the judgment in full.[14]

5. There is also some dispute as to how much Allstate is required to pay under its policy. Plaintiffs assert there is a $1,000,000 policy in effect while Defendants maintain Allstate need only play $15,000 per "policy limits."[15] Defendants explain the $15,000 figure in their Reply Brief, citing noncooperation of Defendants.[16]

6. Despite the Commissioner's comments during the hearing that the Court failed to see "any basis for the Court to require the [P]laintiffs to accept the partial payment that has been tendered,"[17]Defendants again cite no case law supporting their proposition that Plaintiffs' judgment must be reduced. Instead, Defendants rely on 10 *Del. C.* §4751.[18] The statute reads, in its entirety:

---

[10] Defs.' Mot. for Reconsideration of Commr.'s Or. at 2.

[11] *Id.*

[12] *Id.*

[13] Pls.' Response at 3.

[14] *Id.* at 3-4.

[15] Defs.' Mot. for Reconsideration of Commr.'s Or. at 2; Pls.' Response at 3.

[16] Defs.' Reply at 1. Defendants cite *Harris v. Prudential Property and Cas. Ins. Co.*, 632 A.2d 1380 (1993) when taking the position that they are not required to pay above the statutory minimum. A reading of the case, however, seems to only allow the use of a defense of noncooperation for claims above that minimum. *Id.* at 1383 ("[W]e find no public policy violation in allowing an insurer to raise an insured's noncooperation as a defense to liability for coverage above the statutory minimum."). Defendants briefly mentioned the noncooperation argument at the March 7, 2013 hearing and submitted the *Harris* decision to the Commissioner. Ex. B to Defs.' Mot. for Reconsideration of Commr.'s Or. at 4 ("It's our position that there was failure to cooperate and the policy is the $15,000."). Allstate has retained separate counsel, not party to this motion, to deal with coverage issues. Due to that separate representation and Defendants' failure to discuss it in their original motion, this Court declines to address that issue.

[17] Ex. B. to Defs.' Mot. for Reconsideration of Commr.'s Or. at 10.

[18] In their Reply, Defendants also cite 10 *Del. C.* §4733 (a), which deals with judgments entered at special directions of a state judge. This Court likewise finds this statute unpersuasive to their argument.

3

(a) Every person to whom a sum is due by judgment, who receives satisfaction of the same, shall forthwith cause such satisfaction to be entered upon the record of the judgment.

(b) Whoever being the holder of a judgment wilfully fails to satisfy a judgment upon the record as required by subsection (a) of this section, shall be fined not more than $500 for each such failure.

(c) The Superior Court shall have jurisdiction of offenses under this section.[19]

7. This Court fails to see how the language of 10 *Del. C.* §4751 requires the Plaintiffs to accept Defendants' partial payment when they intend to pursue the full amount in New Jersey. Defendants offer the Court no support to their argument other than the bald assertion that the Commissioner's decision is "clearly erroneous," a rehash of the arguments considered at the hearing, and a recitation of the statute. This Court is not going to, *sua sponte*, do Defendants' research for them and supply supporting case law.[20]

8. None of the arguments presented by Defendants in their Motion for Reconsideration of Commissioner's Order warrant the order to be reversed because it was "clearly erroneous."

Therefore, for the foregoing reasons, Defendants' Motion for Reconsideration of Commissioner's Order is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary

---

[19] 10 *Del. C.* §4751.

[20] *See Gonzalez v. Caraballo*, , 2008 WL 4902686 (Del. Super. Nov. 12, 2008) ("Courts throughout the country hold that they are not obligated to do 'counsel's work for him or her.'… [I]n all but the simplest motions, counsel is required to develop a reasoned argument supported by pertinent authorities.") (footnotes omitted). *See also Flamer v. State*, 953 A.2d 130, 134-35 (Del. 2008) ("In order to develop a legal argument effectively, the Opening Brief must marshall the relevant facts and establish reversible error by demonstrating why the action at trial was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions. The failure to cite *any* authority in support of a legal argument constitutes a waiver of the issue on appeal.") (footnotes omitted).