An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENT SPENCER,
Appellant,
vs.
NEVADA DIRECT INSURANCE
COMPANY,
Respondent.

No. 64151

FILED

MAY 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF DISMISSAL*

This is an appeal from a district court order denying summary judgment and granting declaratory relief in an insurance action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

### *FACTS*

Leoncio Lopez de la Luz (Lopez) allegedly rear-ended a vehicle driven by the appellant, Brent Spencer, and Spencer sued Lopez for personal injuries resulting therefrom. Lopez carried a motor vehicle insurance policy through the respondent here, Nevada Direct Insurance Company. Nevada Direct brought a separate action against Lopez, Spencer, and Spencer's insurance company seeking declaratory relief that it did "not owe defense or indemnity to [Lopez] in relation to [the action brought by Spencer] as a result of Lopez'[s] breach of express conditions to coverage in the policy," specifically, Lopez's failure to cooperate with Nevada Direct's investigation or defense of the accident, and served all three defendants. Spencer's insurance answered the complaint, raising, as an affirmative defense, that Nevada Direct failed to state a claim, and "incorporat[ing] by reference each and every affirmative defense set forth in NRCP 8(c)"; Lopez and Spencer did not. The district court granted

15-13302

default judgment against Lopez and issued the declaratory relief that Nevada Direct sought, declaring, among other things, that Nevada Direct had no duty to defend or indemnify Lopez in the action brought by Spencer.

Subsequently, Spencer and his insurance each filed motions for reconsideration raising, for the first time, that Nevada's financial responsibility laws applied, in particular NRS 485.3091(5)(a), and that even the failure of a supposed condition precedent to coverage—i.e. Lopez's alleged non-cooperation with Nevada Direct's investigation and defense— could not negate those protections. The district court denied these motions. After the timeline for appealing the existing judgment had passed, assuming that judgment was final, Spencer filed a motion for summary judgment on declaratory relief in the same action, arguing, once again, that Nevada's financial responsibility laws applied. The district court denied this motion, "in concurrence with its prior rulings in this matter." Spencer then appealed this denial.

## DISCUSSION

We are inclined to agree with Spencer that the supposed failure of a condition precedent to coverage cannot defeat the protections of Nevada's financial responsibility laws given NRS 485.3091(5)(a). The section's text supports this outcome inasmuch as it provides that "[t]he liability of the insurance carrier with respect to the insurance required by this chapter *becomes absolute* whenever injury or damage covered by the policy occurs," NRS 485.3091(5)(a) (emphasis added), and "the word 'absolute,' as used in a motor vehicle financial responsibility act . . . means that there will be no defenses to liability of the insurer based . . . upon *exclusions, conditions, terms, or language* contained in the policy."

7A Steven Plitt et al., *Couch on Insurance* § 104:45 (3d ed. 2013) (emphasis added). The policy underlying our financial responsibility laws counsels likewise. *See Hartz v. Mitchell*, 107 Nev. 893, 896, 822 P.2d 667, 669 (1991) ("Nevada has a strong public policy interest in assuring that individuals who are injured in motor vehicle accidents have a source of indemnification. Our financial responsibility law reflects Nevada's interest in providing at least minimum levels of financial protection to accident victims."). And the precedent of foreign courts interpreting nearly identical statutes is in accord. *See Harris v. Prudential Prop. & Cas. Ins. Co.*, 632 A.2d 1380, 1382 (Del. 1993) (non-cooperation of insured cannot defeat application of absolute liability statute where innocent third party is injured); *Dave Ostrem Imps., Inc. v. Globe Am. Cas./GRE Ins. Grp.*, 586 N.W.2d 366, 368 (Iowa 1998) (condition precedent to coverage cannot defeat application of absolute liability statute); *Teeter v. Allstate Ins. Co.*, 192 N.Y.S.2d 610, 615 (App. Div. 1959) ("It is impossible to reconcile the existence of a right *to rescind ab initio* with the general scheme of the compulsory insurance law."), *aff'd*, 173 N.E.2d 47 (N.Y. 1961); *cf. Kambeitz v. Acuity Ins. Co.*, 772 N.W.2d 632, 638 (N.D. 2009) (stating that foreign courts have "universally held or recognized" that an insurer cannot "retrospectively avoid coverage . . . so as to escape liability to a third party" on fraud and misrepresentation, grounds relating to the inception of the policy (alteration in original) (internal quotations omitted)).

However, we cannot, on this record, reverse the district court's declaratory judgment. Spencer brought no counterclaims in the original declaratory relief action, nor did he expand on the affirmative defenses "incorporate[d]" by his insurance provider's answer, or even raise the existence of NRS 485.3091(5)(a) until after the declaratory relief issued.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

And, that judgment disposed of all the issues presented by Nevada Direct's complaint in that it issued the very declaratory relief that Nevada Direct sought. Thus, the original declaratory judgment left nothing for the future consideration of the court in the matter and was final. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The district court therefore lacked jurisdiction to render a decision on Spencer's subsequent motion for summary judgment as there are a limited number of motions that may be filed once an un-appealed final judgment issues, of which a motion for summary judgment is not one. *See SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717-18 (2007). It follows that this court could not acquire jurisdiction over Spencer's appeal thereof. *See Quintero v. United States*, 281 F.3d 1279 (5th Cir. 2001).

Accordingly, Spencer's appeal must be DISMISSED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
      Salvatore C. Gugino, Settlement Judge
      Mueller Hinds & Associates
      Murchison & Cumming, LLC/Las Vegas
      Eighth District Court Clerk
      Nevada Division of Insurance