**Charles BASS and Gail Bass,
Defendants Below,
Appellants,**

v.

**HORIZON ASSURANCE COMPANY,
Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 9, 1989.
Decided: July 28, 1989.

Steven J. Stirparo (argued), Schmittinger and Rodriguez, P.A., Wilmington, for defendants below, appellants.

Colin Shalk (argued), Casarino, Christman & Shalk, Wilmington, for plaintiff below, appellee.

Before MOORE, WALSH, and HOLLAND, JJ.

WALSH, Justice:

This is an appeal by Charles Bass and Gail Bass from a decision of the Superior Court which invalidated a coverage exclusion for an insured convicted of operating a motor vehicle while under the influence of alcohol ("DUI exclusion") but permitted the exclusion to limit coverage to the statutorily minimum mandated amount of personal injury protection ("PIP"). The Basses argue that if the DUI exclusion is invalid it must be considered so for all purposes and the court may not "reform" the insurance contract to limit coverage to less than the policy amount.

The insurer, Horizon Assurance Company ("Horizon"), cross-appeals from the ruling that the DUI exclusion is contrary to public policy, arguing that the DUI exclusion is a customary policy provision implicitly authorized by the Delaware so called "no-fault" law.

We agree with the Superior Court that an exclusion which denies PIP coverage based on a charge of driving under the influence is incompatible with the no-fault nature of PIP coverage. However, we conclude that the Superior Court was without

authority to reform the contract to limit coverage to the statutory amount and accordingly reverse as to that ruling.

## I

The parties have stipulated to the facts underlying the coverage controversy. On March 8, 1986, Charles Bass was injured in an automobile accident while he was driving his wife's automobile. The vehicle in question was insured by Horizon under a policy issued in accordance with 21 *Del.C.* § 2118.[1] Bass' brother, William Bass, a passenger in the vehicle was also injured. Bass was charged with operating a motor vehicle while under the influence of alcohol, in violation of 21 *Del.C.* § 4177, and entered a plea of *nolo contendere* to the charge.[2] Charles and William Bass each sought to recover PIP payments under the Horizon policy which specified coverage limits of $50,000 per person. Horizon paid PIP benefits on behalf of William, but refused to pay Bass' claim on the ground that his claim was barred by an exclusion in the policy, which purported to deny coverage when the insured is convicted of driving under the influence of alcohol.

The matter was submitted to arbitration through the office of the Insurance Commissioner of the State of Delaware. The arbitrator decided in favor of the Basses and ordered Horizon to pay the $50,000 policy limit to each claimant under the PIP coverage. Horizon appealed the arbitrator's ruling to the Superior Court pursuant to 21 *Del.C.* § 2118(i)(5).[3]

The Superior Court held that the DUI exclusion violated the requirements of the Delaware No–Fault statute, both with respect to the language of the statute and the legislative objective of the no-fault law. However, the court determined that the exclusion was invalid only as to the statutorily required minimum amount of $15,000, and it held the exclusion valid as to any coverage in excess of that amount.

## II

21 *Del.C.* § 2118(a)(2) mandates coverage for the expenses of medical treatment and for lost earnings sustained by persons injured as a result of an automobile accident. Subsection (e) provides that the mandated coverage "may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section [§ 2118]...." The issue before this Court is whether a policy provision excluding from coverage a person who contributes to his bodily injury by driving under the influence of alcohol is consistent with the requirements of section 2118(a)(2).

The DUI exclusion contained in Horizon's policy is direct and unequivocal:

This insurance does not apply to **bodily injury** sustained by: ... (f) any person if such person's conduct contributed to his **bodily injury** under any of the following circumstances: ... (ii) convicted of driving while under the influence of alcohol or narcotic drugs.

Horizon claims that the DUI exclusion is a valid implementation of 21 *Del.C.* § 4177, which makes driving under the influence of alcohol a motor vehicle offense. Horizon assumes that an insurer has the power to add penalties which are not provided for in the criminal statute and that its DUI exclusionary clause is a permissible supplement

---

1. 21 *Del.C.* § 2118 provides in pertinent part:
   **§§ 2118. Requirement of insurance for all motor vehicles required to be registered in this State....**
   (a) No owner of a motor vehicle registered in this State ... shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage....

2. 21 *Del.C.* § 4177 provides in pertinent part:
   **§ 4177. Operation of vehicle while under the influence of alcohol and/or drugs....**

   (a) No person shall drive, operate or have in actual physical control a vehicle ... while under the influence of alcohol or of any drug or any combination of drugs and/or alcohol.

3. 21 *Del.C.* § 2118(i)(5) provides in pertinent part:
   (5) ... the losing party (in arbitration) shall have a right to appeal de novo to the Superior Court if notice of such appeal is filed with that Court in the manner set forth by its rules within 30 days of the date of the decision being rendered.

to section 2118. Horizon asserts that 21 *Del.C.* § 2118(e) does not impose absolute liability on an insurer to compensate an insured injured in a motor vehicle accident but permits certain exclusions to PIP coverage.

21 *Del.C.* § 2118(e) provides:

(e) The coverage described in paragraphs (1) through (4) of subsection (a) of this section may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section, except there shall be no exclusion to any person who sustains bodily injury or death to the extent that benefits therefore are in whole or in part either payable or required to be provided under any workmen's compensation law.

Horizon contends that the DUI exclusion is enforceable because it meets the two prong test of section 2118(e). First, the exclusion is customary to the field of Delaware insurance, and second, it is not inconsistent with the Delaware PIP statute because it serves to secure a "parity between the risks insured against and the premiums paid for that insurance."

The Basses contend, on the other hand, that the Superior Court properly held that the DUI exclusion violated the language and legislative intent of the Delaware No-Fault statute. We agree.

An exclusion which denies PIP coverage based on a conviction of driving while under the influence of alcohol is incompatible with the no-fault nature of PIP coverage. Moreover, the language of the exclusion, which bars coverage for the slightest degree of fault on the part of the insured, is contrary to the public policy that encourages the purchase of insurance for the protection against bodily injury. The purpose of 21 *Del.C.* § 2118 is to impose on the no-fault insurance carrier the ultimate liability for the payment of an injured party's medical bills, to the extent of the carrier's unexpended personal injury protection benefits. *Int'l Underwriters, Inc. v. Blue Cross and Blue Shield of Del. Inc.*, Del. Supr., 449 A.2d 197, 200 (1982). The pri-

mary objective of subsections (a)(2)a. and (a)(2)b. is to allow an insured to recover regardless of fault. As this Court stated in *Nationwide Ins. Co. v. Rothermel*, Del. Supr., 385 A.2d 691 (1978):

The No–Fault Statute did not change the nature of the plaintiff's claim from a claim for damages arising from a personal injury; the Statute simply permitted limited recovery for the personal injury, *without regard to fault.*

*Id.* at 693 (emphasis added).

As the Superior Court noted in its opinion "[i]t also serves a further social purpose of assuring to health care providers regardless of the cause of the accident that they will be compensated for care which they provide to those who are injured in an automobile accident." *Horizon Assurance Co. v. Bass*, Del.Super., C.A. No. 86C–SE–106, Taylor, J., 1988 WL 72813 (June 14, 1988) (Opinion)

This Court previously considered the public policy implications of restrictive endorsements in mandated insurance coverage in *State Farm Mutual Automobile Ins. Co. v. Wagamon*, Del.Supr., 541 A.2d 557 (1988). In *Wagamon* an automobile policy provision purporting to exclude liability coverage for certain intrafamily claims was held invalid as against the public policy of section 2118 and the Delaware Financial Responsibility Law.

The Court in *Wagamon* stated:

First and foremost, the very language of § 2118(e) repudiates the argument:

(e) The coverage described in paragraphs (1) through (4) of subsection (a) of this section may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance *and not inconsistent with the requirements of this section....*

21 *Del.C.* § 2118(e) (1985) (emphasis added). Since a household exclusion provision conflicts with the basic requirement of providing minimum legal liability coverage for claims by victims of an automobile accident, regardless of their relation-

ship to the insured, it follows that there is no exception under § 2118(e).

*Id.* at 561.

The same rationale applies here. The DUI exclusion in Horizon's insurance policy conflicts with the basic statutory requirement of providing minimum legal coverage for claims by victims of an automobile accident, regardless of fault. This Court will not read exclusions into statutorily mandated coverage in the absence of express legislative authorization. *See Frank v. Horizon Assurance Co.*, Del.Supr., 553 A.2d 1199, 1203–05 (1989).[4]

Horizon maintains that its use of a DUI exclusion is supportive of a public policy against driving while intoxicated because it "operates to compel insureds to observe the rules of public safety by not drinking and driving." That such a policy exists we have no doubt. Indeed, this Court has recently acknowledged the "special hazards and the public policy concerns" arising from the tortious conduct of intoxicated underage drivers. *See DiOssi v. Maroney*, Del.Supr., 548 A.2d 1361, 1367 (1988). But the fixing of penalties for antisocial conduct is, in the first instance, a governmental responsibility through legislative response. The Delaware General Assembly has expressly determined the consequences which result from a conviction of driving while under the influence. These sanctions include the criminal penalties of fine and/or imprisonment, 21 *Del.C.* § 4177(d) and license revocation through administrative action, 21 *Del.C.* § 4177A. We do not believe that the General Assembly, in addition to the imposition of these substantial penalties, also intended, by implication, to work a forfeiture of insurance protection purchased in conformity with State law.[5]

Apart from its lack of statutory approval, Horizon's DUI exclusion may also be viewed as arbitrary in its application. While focusing on intoxicated driving, the exclusion ignores other driving conduct, such as reckless driving and highly excessive speed, which pose a high degree of risk to motorists. Given the nature of the insurance policy as an adhesion contract, the selection of only one type of fault, even the most egregious, as a ground for coverage forfeiture is indefensible.

### III

The Superior Court's ruling permitting the application of the DUI exclusion to coverage in excess of the statutorily mandated $15,000 is not sustainable in light of this Court's ruling in *State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d at 561–62. As discussed earlier, *Wagamon* involved the validity of a household exclusion provision contained in an automobile insurance contract. In *Wagamon* the insurer argued, as Horizon does here, that if the exclusion at issue was deemed invalid, its liability under the policy should not exceed the statutory minimum required amount of $15,000. In *Wagamon* this Court rejected the argument for two reasons:

First, we have found the State Farm provision to be violative of public policy. Accordingly there is no basis for us to reform this exclusion without the full agreement of the parties.

Second, when finding a contract provision violative of public policy, we follow the well-established rule of construction that if the offending provision is separa-

---

4. Horizon concedes that those states which exclude payment of no-fault benefits to persons who sustain injury during the commission of a crime do so through express statutory direction. *See e.g.*, N.Y. Ins. Law § 5103(b)(3) (McKinney 1985) (definition of "motor vehicle policy" effective Jan. 1, 1993) (injured as a result of operating a motor vehicle while in an intoxicated condition); Mass.Gen.Laws.Ann. ch. 90, § 34A (West 1983 & Cum.Supp.1984) (No-fault benefits excluded for person whose conduct contributed to his injury while operating a motor vehicle "while under the influence of alcohol").

5. Subject to assigned risk requirements, 18 *Del.C.* § 3909, an insurer is, of course, entitled to consider a DUI conviction, or any traffic violation, in connection with the underwriting of future coverage. The DUI exclusion under review, however, seeks to deny coverage for a past loss without regard to the assessment of the insured's driving record at the time the policy was issued.

ble, it should be stricken, while the remaining contract provisions should be enforced.

*Id.* at 561 (citations omitted).

Just as the household exclusion was entirely separable from the policy in *Wagamon* so is the DUI exclusion here, which can be severed from the policy without rendering the remaining provisions unenforceable. *See id.* at 561–67.

In holding that the exclusion was invalid as to the mandated coverage, but that the exclusion controlled coverage in excess of the statutory minimum, the Superior Court relied on an order from this Court. *Connolly v. Hartford Accident and Indemnity Co. v. Smith,* Del.Supr., 411 A.2d 608 Quillen J. (1979) (ORDER) aff'g. *Hartford Accident and Indemnity Co. v. Connolly,* Del.Super., No. 78C–MR–85, Taylor, J. (January 2, 1979) (ORDER).

Bass argues that *Connolly* is distinguishable because it concerned public liability coverage in a different statutory context. Bass' argument is based on recourse to the briefs filed in this Court, not the text of the order itself. However, we do not recognize the Order in *Connolly* as binding precedent and find it unnecessary to overrule or distinguish it. Prior to April 15, 1983, when Rule 17 was amended to permit orders of this Court to be cited as precedent, there was no authority for unreported orders of this Court to be used as precedent in unrelated cases. Orders issued prior to that date were issued by this Court with the clear understanding that they would be accorded no precedential effect.

In sum, we conclude that the DUI exclusion in the Horizon policy is unenforceable as contrary to the public policy underlying the Delaware No–Fault insurance statute. Therefore, Horizon's DUI exclusion is invalid as a matter of law. Further the invalid DUI exclusion may not be applied to reform the policy by limiting the amount of coverage to the statutory minimum of $15,000 when the policy holder purchased $50,000 worth of insurance coverage.

The judgment of the Superior Court is AFFIRMED in part and REVERSED in part.