**UNIVERSAL UNDERWRITERS INSURANCE COMPANY and Price Automotive, Inc. t/a Price Acura, and Laura Klaristenfeld, Plaintiffs Below, Appellants,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant Below, Appellee.**

No. 57, 1995.

Supreme Court of Delaware.

Submitted: Sept. 6, 1995.
Decided: Sept. 29, 1995.

Joel R. Brown, Tybout, Redfearn & Pell, Wilmington, for Appellants.

W. Wade W. Scott (argued), and John E. Tracey, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, and BERGER, JJ.

WALSH, Justice:

In this appeal from the Superior Court, we consider the question of whether, and to what extent, a liability insurance carrier may invoke an automobile-business exclusion clause under Delaware's mandatory insurance law. The Superior Court ruled that such an exclusion is valid for coverage beyond the statutory mandatory minimum. On a related question, the Superior Court ruled that a carrier whose coverage is limited to mandatory limits must share the cost of defense equally with an excess carrier. We affirm both rulings.

I

The factual scenario underlying this dispute between automobile liability carriers is not contested. Howard and Judy Winston ("the Winstons") owned a 1989 Jaguar automobile which they wished to trade in on the purchase of a new vehicle from Price Acura in Dover. The Jaguar was insured for liability and other coverage through the appellee, The Travelers Insurance Company ("Travelers"). On October 13, 1992, the Winstons delivered the Jaguar to Laura Klaristenfeld, an employee of Price Acura for the purpose of permitting Ms. Klaristenfeld to drive the vehicle to Wilmington to secure an appraisal which would serve as the basis for a trade-in

valuation. The following day, Ms. Klaristenfeld drove the vehicle to Wilmington for the appraisal. On the return trip as she approached the northern end of St. George's Bridge, Ms. Klaristenfeld lost control of the vehicle, crossed into the northbound lanes of the bridge approach and collided with a vehicle driven by Joseph W. Laird. Laird was killed in the accident and litigation has ensued.

The appellant, Universal Underwriters ("Universal"), the general liability insurer for Price Acura has assumed primary responsibility for the defense of Klaristenfeld and Price Acura in the Laird litigation. Although requested to share in the defense, Travelers has refused to indemnify or defend Klaristenfeld or Price Acura. Universal filed a declaratory judgment action against Travelers in the Superior Court seeking a determination that Travelers had the primary responsibility for defense of the Laird litigation.

In the Superior Court proceeding and on appeal, Travelers contends it bears no responsibility for the defense of the Laird litigation because of the "Automobile–Business" exclusion contained in the Winston policy. That exclusion provides:

A. We do not provide Liability Coverages for any person:

    6. While employed or otherwise engaged in the "business" of:

        a. selling;

        b. repairing;

        c. servicing;

        d. storing; or

        e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

        a. you;

        b. any "family member"; or

        c. any partner, agent or employee of you or any "family member".

Universal counters that the exclusion is invalid as against the public policy expressed in the Delaware Motor Vehicle Financial Responsibility Law, 21 *Del.C.* §§ 2901–72, and the No–Fault Statute, 21 *Del.C.* § 2118.

The Superior Court ruled that, while Travelers was the primary insurer with a duty to defend the Laird litigation, its obligation was limited to providing the coverage mandated by law, *i.e.*, the $15,000/$30,000 statutory minimum. The court upheld the applicability of the automobile-business exclusion in the Travelers policy for coverage above the statutory minimum. The court also ruled that Universal and Travelers must share equally in the cost of defending the Laird litigation. Universal has appealed both rulings.

## II

      ■ The Superior Court's interpretation of an insurance policy is a determination of law subject to a *de novo* standard of review. *Hudson v. State Farm Mut. Ins. Co.*, Del. Supr., 569 A.2d 1168, 1170 (1990); *Merrill v. Crothall American, Inc.*, Del.Supr., 606 A.2d 96, 99 (1992). Thus, our review here requires that we determine whether Travelers' automobile-business exclusion is enforceable as a matter of law. Similarly, since an insurer's obligation to defend under a policy of liability insurance is controlled by the terms of the policy, read against applicable legal standards, the extent of Travelers' duty to defend is equally a matter of law.

      ■ We begin our analysis with an examination of the statutory requirements which underlie the issuance of automobile liability insurance. While the parties to a contract of insurance in this State are free to agree to certain aspects of their mutual undertakings, this Court has made clear that public policy has engrafted significant restrictions on an insurer's ability to dictate the terms of the insurance contract. *State Farm Mut. Auto. Ins. Co. v. Wagamon*, Del.Supr., 541 A.2d 557, 561 (1988); *Bass v. Horizon Assurance Co.*, Del.Supr., 562 A.2d 1194, 1197 (1989).

Similarly, the Delaware Motor Vehicle Financial Responsibility Law, 21 *Del.C.* ch. 29, which requires that owners of all motor vehicles registered in Delaware secure liability and no fault insurance coverage in stated limits, restricts the insured's contractual choices. Every policy of insurance must pro-

vide liability insurance of at least $15,000 per person and $30,000 per occurrence for the benefit of "the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured...." 21 *Del.C.* § 2902(b)(2). This Court has construed this provision as an absolute mandate of liability coverage "up to the stated limits" for the named insured and a permitted user of the motor vehicle. *State Farm v. Wagamon,* Del.Supr., 541 A.2d 557, 560 (1988). *Harris v. Prudential Property & Casualty Ins. Co.,* Del.Supr., 632 A.2d 1380, 1381–82 (1993).

This Court has noted that the fundamental purpose of Delaware's financial responsibility laws "is to protect and compensate all persons injured in automobile accidents." *Hudson v. State Farm Mut. Ins. Co.,* 569 A.2d at 1171. In furtherance of that goal, we have consistently invalidated policy exclusions which conflict with the policy of compensating victims injured through the conduct of an insured. *State Farm v. Wagamon,* 541 A.2d 557 (invalidating policy exclusion of claims by household members); *Bass v. Horizon Assurance Co.,* 562 A.2d 1194 (invalidating exclusion for driving under the influence); *Hudson v. State Farm Mut. Ins. Co.,* 569 A.2d 1168 (invalidating exclusion for reckless or intentional conduct). In *Harris* while this Court upheld the enforceability of a non-cooperation clause as customary in the underwriting of liability insurance, we nonetheless recognized the viability of such an exclusion only to the extent it denied coverage beyond the statutory mandatory limits.

Travelers concedes its obligation as the insurer of the Winstons, as vehicle owners, to provide coverage up to the statutory minimum. It contends, however, that under the holding in *Harris* its automobile-business exclusion should be recognized to bar coverage above the statutory limit. To the contrary, Universal argues that the automobile business exclusion is violative of public policy and should not protect Travelers from exposure as the primary carrier with the obligation to defend the Laird litigation.

In support of its position that the automobile business exclusion is customary in the insurance industry, Travelers submitted to the Superior Court the affidavit of an experienced analyst employed by it, asserting the exclusion in question is customary within the field of insurance throughout the United States, including Delaware. Universal does not dispute this claim but relies on the holding in a small minority of jurisdictions which have invalidated the automobile business exclusion. *See, e.g., Farmland Mut. Ins. Co. v. Jim Moore Cadillac–Oldsmobile, Inc.,* S.C.Ct.App., 283 S.C. 33, 320 S.E.2d 719 (1984). *American Home Assurance Co. v. Hartford Ins. Co.,* N.J.Super.App.Div., 190 N.J.Super. 477, 464 A.2d 1128 (1983).

The automobile business exclusion is included in standard automobile liability policies primarily because the activity sought to be excluded constitutes a "separate risk category." *St. Paul Fire & Marine Ins. Co. v. West American Ins. Co.,* Del.Super., 437 A.2d 165, 169 (1981). An insurer "has a legitimate concern in protecting itself from greater hazards involved in the conduct of an automobile business and it should have the right to insert an automobile business or garage exclusion [in a] family automobile policy...." *Universal Underwriters Ins. Co. v. American Motorists Ins. Co.,* N.D.Miss., 541 F.Supp. 755, 761 (1982). We agree with that justification for the use of the exclusion in liability coverage issued to private individuals.

We are of the view that the automobile business exclusion is not contrary to the public policy which underlies the state-mandated insurance program. Indeed, recognition of the exclusion may advance the cause of full recovery through responsible insurance by removing an incentive for auto related businesses to forgo purchasing insurance to cover their activities. Businesses, such as the automobile dealer in this case, whose activities involve the operation of many motor vehicles over the highways should assume direct responsibility for the conduct of their employees through the purchase of insurance which reflects these unusual risks. Private vehicle owners, like the Winstons, who turn their vehicles over to a business for service or other uses benefitting the business owner should not bear the responsibility of protect-

ing the public from a business use of the vehicle. An appropriate corollary of this proposition is that the respective insurers of the automobile dealer and the customers should bear full responsibility for the risk to be anticipated and impose a premium reflecting such risk.

We find no public policy conflict in the application of the automobile business exclusion under the facts of this case and accordingly affirm the Superior Court's ruling to that effect.

### III

The remaining issue in this appeal involves the Superior Court's ruling which apportioned the costs of defending the Laird litigation. In the Superior Court, Universal had argued that Travelers, as the primary insurer, was responsible for bearing all the costs of defending the litigation which resulted from the use of the vehicle it insured, even if its primary coverage was restricted to the statutory minimum. The Superior Court ruled, however, that defense costs should be shared equally between primary and excess carriers.

■ The Superior Court's holding follows those jurisdictions which divide defense costs equally between primary and excess insurers. *See Universal Underwriters Ins. Co. v. Allstate Ins. Co.*, N.H.Supr., 134 N.H. 315, 592 A.2d 515, 517 (1991). Universal's contention to the contrary is based on cases in which the primary carrier refused to participate in the defense to any extent. We find those authorities inappropriate and unpersuasive.

■ Travelers argues in this Court that the Superior Court should have opted in favor of a third method for apportioning defense costs—a proportionate or *pro rata* allocation based on coverage responsibility. While this approach has much to commend it because of its equitable underpinnings, *see Globe Indemnity Co. v. Jordan*, Me.Supr., 634 A.2d 1279, 1284 (1993), it was not argued in the Superior Court, nor was it the subject of a cross appeal by Travelers. Accordingly, Travelers may not assert a *pro rata* approach in this Court to vary or modify the judgment of the Superior Court on this issue. Supr.Ct.R. 7(b), 8.

The judgment of the Superior Court is AFFIRMED.