Nancy A. **CUBLER** and Donald Cubler, her husband, Helen C. Dougherty and Thomas F. Dougherty, her husband, and Cassandra L. Steele, Plaintiffs Below, Appellants/Cross–Appellees,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant Below, Appellee/Cross–Appellant.**

No. 369, 1995.

Supreme Court of Delaware.

Submitted: June 11, 1996.
Decided: July 15, 1996.

H. Clay Davis III, Georgetown, for appellants/cross-appellees.

Robert B. Young, Dover, for appellee/cross-appellant.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ. (constituting the Court en Banc).

HOLLAND, Justice:

This litigation arises from a motor vehicle accident. The plaintiffs-appellants, Nancy A. Cubler, Helen C. Dougherty, and Cassandra L. Steele (the "Appellants"), were thrown from a trailer being pulled by a truck. The truck was insured by the defendant, cross-appellant, State Farm Mutual Automobile Insurance Company ("State Farm").

At issue in this appeal is the enforceability of two identical provisions in an automobile insurance policy issued by State Farm. The question presented is whether, as a matter of law, the following language, found in both the liability and the no-fault or PIP[1] coverage provisions in State Farm's policy, is enforceable:

> There is no coverage ... while any vehicle insured under this section is ... used to carry persons for a charge.

The Appellants appealed the Superior Court's determination that the "carrying persons for a charge" exclusion was valid with regard to the statutory minimum amount of no-fault coverage. State Farm cross-appealed the Superior Court's determination that the exclusion was invalid with regard to the statutory minimum amount of liability coverage. The Appellants assert that the exclusion is unenforceable with respect to the statutorily mandated minimum amounts of *either* liability or no-fault coverage. State Farm maintains that the exclusion is customary and consistent with the statute, and thus, completely precludes the payment of *both* the statutory minimum liability and no-fault coverage.

This Court has assumed *arguendo* that the "carrying persons for a charge" exclusion is valid for amounts in excess of the minimum mandatory liability and no-fault coverage. This Court holds, however, that no exclusion can be enforced to foreclose the minimum amounts mandated by statute for either liability or no-fault coverage. Accordingly, the Superior Court's judgments are affirmed in part and reversed in part.

### Facts

The essential facts underlying the coverage issues are not disputed. On October 24, 1992, the Harrington Jaycees ("Jaycees") sponsored their annual fund-raising event at the Harrington State Fair Grounds. This event involved trucks pulling trailers along a route known as the "Track of Terror." The Appellants were injured while riding in a wagon pulled by a truck along the "Track of Terror."

Each of the Appellants had paid a fee of approximately three dollars to ride on the attraction. The truck pulling the trailer on which the Appellants were riding was owned by Steven Puddicombe ("Puddicombe"). The truck was operated by Jan Rettig ("Rettig"). Puddicombe had temporarily loaned his truck to the Jaycees for use at the fund-raising event. Neither Puddicombe nor Rettig had received payment for their services. Puddicombe did not permit the Jaycees to regular-

---

1. No-fault coverage is also known as personal    injury protection or "PIP" coverage.

ly use his truck, and did not regularly carry passengers for a fee in the vehicle.

Puddicombe's truck was insured through a policy issued by State Farm. The policy provided both liability and no-fault coverage. The insurance contract contained an exclusion applicable to both the liability and no-fault portions of the policy:

THERE IS NO COVERAGE . . . :

1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS RENTED TO OTHERS OR USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis of:

    a. a *private passenger car;* or

    b. a *utility vehicle,* if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.[2]

The Appellants applied to State Farm for liability and no-fault benefits pursuant to 21 *Del.C.* § 2118 ("Section 2118").[3] State Farm denied coverage on the basis of the "carrying persons for a charge" exclusion. The Appellants commenced this litigation in the Superior Court.

### Standard of Review
### Superior Court Decision

State Farm filed a motion for summary judgment in Superior Court. It argued that the "carrying persons for a charge" provision conclusively precluded *any* payment under its insurance policy for either liability or no-fault coverage to the Appellants for their injuries. The Superior Court held that the exclusion was not valid for purposes of denying liability coverage, because it was inconsistent with the statutory requirement that every vehicle in the State have a specific minimum amount of insurance coverage to compensate persons injured in automobile accidents. *See* 21 *Del.C.* § 2118; 21 *Del.C.* § 2902. Conversely, the Superior Court con-

2. Bold face italicized words are defined terms under the State Farm policy.

3. In their complaint, the Appellants requested only no-fault benefits. However, during the course of the litigation below, the Appellants also requested benefits under the liability portion of the State Farm policy. State Farm apparently

cluded that State Farm had established that the no-fault exclusion met both prongs of Section 2118(f): (1) that the exclusion was customary; and (2) that it was not inconsistent with the requirements of the statute. Therefore, the Superior Court held that the exclusion was valid even with regard to what would otherwise be the statutory minimum amount of no-fault coverage.

■ The Superior Court's interpretation of an insurance policy is a determination of law subject to a *de novo* standard of review. *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* Del.Supr., 669 A.2d 45, 47 (1995). This Court must determine whether State Farm's "carrying persons for a charge" exclusion is enforceable as a matter of law.

### Statutory Requirements
### Minimum Mandatory Coverage

The Delaware Financial Responsibility Law requires all operators of motor vehicles within the State to secure certain insurance to protect and compensate all persons injured in automobile accidents. *Harris v. Prudential Property and Casualty Ins. Co.,* Del.Supr., 632 A.2d 1380, 1381 (1993); *State Farm Mutual Auto. Ins. Co. v. Wagamon,* Del.Supr., 541 A.2d 557, 560 (1988). *See* 21 *Del.C.* § 2118; 21 *Del.C.* ch. 29. The law requires motorists to purchase, and insurance carriers to provide, specific minimum amounts of both liability and no-fault compensation coverage. *State Farm Mutual Auto. Ins. Co. v. Wagamon,* 541 A.2d at 560. *See* 21 *Del.C.* § 2118(a); 21 *Del.C.* § 2902.

### Permitted Exclusions
### Customary and Consistent

■ Nevertheless, State Farm contends that 21 *Del.C.* § 2118(f) authorizes its "carrying persons for charge" exclusion. This provision states:

did not challenge the Appellants' request for liability benefits. The Superior Court, in ruling on State Farm's motion for summary judgment, assumed that the Appellants sought benefits pursuant to both the liability and no-fault portions of the policy.

The coverage described in paragraphs (1) through (4) of subsection (a) of this section may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section, ...

21 *Del.C.* § 2118(f).

We agree that the statute allows for exclusions that meet two requirements. First, the exclusion must be customary to the field of applicable insurance. Second, the exclusion must be consistent with the other requirements of the statute.

### State Farm's Exclusion Customary to the Field

State Farm contends the "carrying persons for a charge" exclusion is customary. In support of that contention, State Farm presented the Superior Court with two affidavits which asserted that the "carrying persons for a charge" exclusion was customary in the field of casualty insurance pertaining to no-fault benefits. State Farm argued that exclusion was also customary with regard to liability coverage. The Appellants did not refute the affidavits or arguments submitted by State Farm. Thus, the undisputed record reflects that the exclusion is customary.

### State Farm's Exclusion Consistent Above Minimum

State Farm also asserts that the "carrying persons for a charge" exclusion is consistent with the requirements of the statute. In support of that assertion, State Farm relies upon the Court's decision in *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.*, Del.Supr., 669 A.2d 45 (1995). At issue in *Universal* was a "business exclusion." In *Universal,* this Court held:

The automobile business exclusion ... constitutes a "separate risk category." An insurer "has a legitimate concern in protecting itself from greater hazards involved in the conduct of an automobile business...." We agree with that justification for the use of the exclusion in liability coverage issued to private individuals.

We are of the view that the automobile business exclusion is not contrary to the public policy which underlies the state-mandated insurance program.... Private vehicle owners, ... who turn their vehicles over to a business for service or other uses benefitting the business owner should not bear the responsibility of protecting the public from a business use of the vehicle.

*Universal Underwriters Ins. Co. v. The Travelers Ins. Co.*, 669 A.2d at 48–49 (citations omitted).

State Farm argues that the "carrying persons for a charge" exclusion, like the business exclusion in *Universal,* is included in standard automobile liability and no-fault policies because the activity sought to be excluded constitutes a "separate risk category." *See Universal Underwriters Ins. Co. v. The Travelers Ins. Co.*, 669 A.2d at 48. The risks associated with carrying passengers for a fee are undoubtedly greater than those normally contemplated by an insurance carrier in issuing liability and no-fault insurance to a private individual. *Id.* Accordingly, we assume *arguendo* that, above the minimum coverage, the "carrying persons for a charge" exclusion is not contrary to the public policy which underlies the state-mandated insurance program. *Id.*

State Farm argues that its "carrying persons for charge" exclusion may be used to deny payment of the statutory minimum amounts of liability and no-fault coverages. *See Universal Underwriters Ins. Co. v. The Travelers Ins. Co.*, 669 A.2d at 48–49. That conclusion does not follow from this Court's holding in *Universal.* In *Universal,* the Travelers conceded its obligation "to provide coverage up to the statutory minimum." *Id.* at 48. Consequently, in *Universal,* this Court only held that the business exclusion would be enforceable for amounts *in excess* of the mandatory minimum amounts of liability and no-fault insurance.

### State Farm's Exclusion Inconsistent with Minimum Mandate

In fact, the *Universal* decision reaffirmed the holding of *Harris,* in which this Court "upheld the enforceability of a non-cooperation clause as customary in the underwriting of liability insurance [but] nonetheless recog-

nized the viability of such an exclusion only to the extent it denied coverage beyond the statutory mandatory limits." *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* 669 A.2d at 48.[4] In holding that any exclusion was unenforceable as to the statutorily mandated liability coverage, this Court stated:

> The Delaware Financial Responsibility Law, 21 *Del.C.* ch. 29, requires all operators of motor vehicles within the State to secure certain insurance to protect and compensate all persons injured in automobile accidents. [Citation omitted.] Every Delaware motorist must procure both liability and no-fault insurance coverage. 21 *Del.C.* § 2118(a). Similarly, every insurance carrier must issue motor vehicle liability policies which include at least $15,000 of coverage per person to insure "against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle." 21 *Del.C.* § 2902(b)(2).

> The insurer's liability is "absolute" to the extent of the statutory minimum regardless of whether the insured has violated any conditions or requirements contained within the policy. [Footnote omitted.] In the absence of express legislative authority, no policy exclusions affecting statutory minimum coverage will be recognized.

*Harris v. Prudential Property & Casualty Ins. Co.,* Del.Supr., 632 A.2d 1380, 1381–82 (1993). Accordingly, in *Universal,* the Travelers properly acknowledged that its business exclusion could not apply to the minimum mandatory statutory limits of coverage.

### Statutory Minimum
### No Exclusions Permitted

■ This Court has held that, because of the express reference in Section 2118(a)(1) to the Delaware Financial Responsibility Law,

21 *Del.C.* ch. 29, the liability and no-fault statutes must be read together. *See State Farm Mutual Auto. Ins. Co. v. Wagamon,* Del.Supr., 541 A.2d 557, 560 (1988) (citing *Nationwide Mutual Ins. Co. v. Krongold,* Del.Supr., 318 A.2d 606 (1974)). The plain meaning of Sections 2118 and 2902 of Title 21 is clear: "motor vehicles registered in Delaware must be insured against legal liability *up to the stated limits* for the benefit of the named insured and any person operating the vehicle with the permission of the insured." *State Farm Mutual Auto. Ins. Co. v. Wagamon,* 541 A.2d at 560 (emphasis added).[5] Therefore, an insurer's disclaimer of liability under *any* exclusion, directed to the minimum liability or no-fault coverage, conflicts *per se* with the statutory mandates. *See Harris v. Prudential Property and Casualty Ins. Co.,* 632 A.2d at 1382; *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* 669 A.2d at 48.

### Conclusion

This Court has identified three types of exclusions. First are those exclusions which would negate the minimum mandatory statutory liability and no-fault coverages. They are, to that extent at least, unenforceable *per se. Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* 669 A.2d at 48 (business exclusion); *Harris v. Prudential Property and Casualty Ins. Co.,* 632 A.2d at 1382 (non-cooperation). The second category of exclusions are those which are *not both* customary as well as consistent with the statute. They are unenforceable to any extent. *Hudson v. State Farm Mutual Ins. Co.,* Del.Supr., 569 A.2d 1168 (1990) (invalidating exclusion for reckless and intentional conduct); *Bass v. Horizon Assurance Co.,* Del.Supr., 562 A.2d 1194 (1989) (invalidating exclusion for driving under the influence); *State Farm Mutual Auto. Ins. Co. v. Wagamon,* Del.Supr., 541

---

4. In *Harris,* this Court held that the insurer's disclaimer of liability under a cooperation clause conflicted with the statutory purpose to compensate all accident victims, and the insurer was obligated to pay the minimum statutory coverage amount. However, because this Court found that the cooperation clause did not violate public policy, the insurer could enforce the clause for amounts beyond the statutory minimum. *See*

*Harris v. Prudential Property and Casualty Ins. Co.,* Del.Supr., 632 A.2d 1380 (1993).

5. Although *Wagamon* concerned an exclusion for liability coverage, it was cited as authority for this Court's decision in *Bass,* concerning no-fault benefits. *See Bass v. Horizon Assurance Co.,* Del.Supr., 562 A.2d 1194, 1196–97 (1989).

A.2d 557 (1988) (invalidating exclusion of claims by household members). The third type of exclusions *are both* customary and consistent with the statutory requirements. They are enforceable beyond the *minimum* coverage mandated by statute. *Harris v. Prudential Property and Casualty Ins. Co.,* 632 A.2d at 1381; *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* 669 A.2d at 48.

In this case, with regard to both the liability and the no-fault portions of the State Farm policy, the "carrying persons for charge" exclusion is unenforceable up to the statutory mandatory minimum amounts. The Superior Court's judgments are affirmed in part and reversed in part. This matter is remanded for further proceedings in accordance with this opinion.