NATIONWIDE GENERAL INSURANCE COMPANY, a corporation of the State of Ohio, Defendant Below, Appellant,

v.

Daniel W. SEEMAN, Plaintiff Below, Appellee.

No. 127, 1997.

Supreme Court of Delaware.

Submitted: Oct. 21, 1997.
Decided: Nov. 14, 1997.

Gilbert F. Shelsby, of Mason, Ketterman, Morgan & Shelsby, Newark, for appellant.

Frederick T. Haase, Jr., of Haase & Kelly, Wilmington, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice.

This is an appeal from a summary judgment for plaintiff entered by the Superior Court. The defendant-appellant is Nationwide General Insurance Company ("Nationwide"). The plaintiff-appellee is Daniel W. Seeman ("Seeman"). Seeman is insured under a policy of automobile liability insurance issued to him by Nationwide.

Seeman filed a declaratory judgment action seeking to invalidate a provision in his insurance policy with Nationwide. That provision limited the maximum liability coverage for injuries to a member of the insured's household to $15,000, the minimum amount required under Delaware's Financial Responsibility Laws. 21 *Del.C.* § 2118 (1996) and 21 *Del.C.* ch. 29 (1996). The Superior Court granted Seeman's motion for summary judgment, based upon this Court's decisions in *State Farm Mutual Automobile Insurance Company v. Wagamon*, Del.Supr., 541 A.2d 557 (1988), and *Cubler v. State Farm Mutual Automobile Insurance Company*, Del.Supr., 679 A.2d 66 (1996).

In this appeal, Nationwide argues that neither the holding in *Wagamon* nor the holding in *Cubler* supports the Superior Court's decision. According to Nationwide, this Court's opinions in *Wagamon* and *Cubler* held only that an *absolute* exclusion of coverage, which conflicts with the public policy embodied in the Delaware Financial Responsibility Laws, will be *absolutely* invalid, because this Court will not reform such provisions. Nationwide argues that the limitation of coverage in the insurance contract it issued to Seeman does not violate public policy because it denies liability coverage to a resident of the insured's household only for damages in *excess* of the minimum limits required by Delaware's Financial Responsibility Laws.

This Court has carefully considered each of Nationwide's contentions and reached three conclusions. First, Nationwide misunderstands the public policy considerations of Delaware's Financial Responsibility Laws. Second, Nationwide erroneously assumes that the public policy of this State, with regard to a household exclusion, is found *only* in the Delaware Financial Responsibility Laws. Third, Nationwide has misconstrued this Court's holdings in *Wagamon* and *Cubler*.

The Superior Court properly decided that Nationwide's "modified" household exclusion is "unenforceable to any extent." *Cubler v. State Farm Mut. Auto. Ins. Co.*, 679 A.2d at 70. Seeman's motion was properly granted, as a matter of law. The summary judgment entered by the Superior Court, in Seeman's favor, is affirmed.

### Facts of Accident

This declaratory judgment action arises out of an automobile accident that occurred on Monday, August 2, 1993, in Anne Arundel County, Maryland. Daniel C. Seeman ("Daniel"), then age fourteen, was a passenger in the 1986 Pontiac Grand Am owned and being driven by Seeman, his father. At the time of the accident, Seeman and Daniel were proceeding westbound on U.S. Route 50 in the vicinity of its intersection with Jones Station Road. The Seeman automobile was following a 1989 Chevrolet automobile, operated by William Metcalfe ("Metcalfe").

When Metcalfe's car slowed to a stop in response to traffic stopping in front of him, Seeman's car struck Metcalfe's vehicle in the rear. As a result of the accident, Daniel sustained personal injuries that required medical care and treatment.

### Coverage and Limits
### Nationwide's Insurance Policy

Seeman was insured by an automobile liability insurance policy issued to him by Nationwide. The policy provides single limits of liability coverage for property damage and bodily injury in the amount of $100,000 per accident. The policy contains a limitation of coverage which reads, in pertinent part, as follows:

B. This coverage does not apply, with regard to any amounts above the minimum limits required by Delaware law, to:

. . . .

2. Bodily injury to any insured or any member of an insured's family residing in the insured's household.

The parties agree that the Nationwide policy was issued as a Delaware automobile insurance contract. The policy contains the provision that "[a]ny terms of this policy which may be in conflict with statutes of the state in which the policy is issued are hereby amended to conform." At the time of the accident, Seeman and Daniel were both residents of Delaware. Seeman's automobile was registered in Delaware. As a result, Delaware statutes, common law, and public policy control the terms of this contract.

### Compensation to Daniel
### Nationwide Pays Statutory Limits

As a result of the accident, two individuals made liability claims against Seeman. The first claim was made by Metcalfe. Nationwide, on behalf of its insured, Seeman, paid Metcalfe $9,441.84, in satisfaction of his claim.

The second liability claim was an action filed by Daniel, in the Superior Court of Delaware, against his father. That action was arbitrated in the Superior Court. The

arbitrator awarded Daniel $95,000 in damages against his father, Seeman.

After Nationwide settled Metcalfe's claim, there remained $90,558.16 of available bodily injury and liability insurance coverage. Nevertheless, Nationwide delivered a check to Daniel in the amount of $15,000, the minimum amount of liability coverage required by law. It is Nationwide's position that this is the *maximum* amount of bodily injury coverage available to Daniel, because of the modified household exclusion in the policy it issued to Seeman.

## State Farm v. Wagamon
### Household Exclusion Void

This Court first considered the household exclusion in *State Farm Mutual Automobile Insurance Company v. Wagamon*, Del.Supr., 541 A.2d 557 (1988). In *Wagamon*, this Court considered an *absolute* household exclusion in an automobile policy issued by State Farm.[1] We held that the absolute household exclusion violated the public policy of this State and was void.

In reaching that decision, this Court concluded that the Delaware Financial Responsibility Laws and the statute mandating insurance on Delaware registered vehicles must be read together. *State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d at 560. This Court then determined that:

> The plain meaning of these two sections is clear and unambiguous: motor vehicles registered in Delaware must be insured against legal liability up to the stated limits for the benefit of the named insured and any person operating the vehicle with the permission of the insured. The nature of the coverage required by § 2118(a)(1) relates to, "indemnity from legal liability for bodily injury, death or property damage", while § 2902 simply requires insurance "against loss from the liability imposed by law for damages...."

Significantly, however, neither statute restricts liability coverage to certain claims based upon the relationship of the plaintiff to the defendant. Rather, both provisions are drafted in broad language which provides for liability coverage for *all* claims up to the stated limits, regardless of the identity of the plaintiff.

*Id.* Thus, this Court held that the absolute household exclusion clause in the State Farm policy was void:

> Reading both statutes *in pari materia* can only lead to the conclusion that § 2118 was meant to protect persons injured in an automobile accident, regardless of their affiliation with the insured. Any attempt to restrict this class of protected persons is invalid.

*Id.* (citations omitted).

In *Wagamon*, the insurer, State Farm, argued alternatively that if its household exclusion clause was invalid, it should only be invalid to the extent of $15,000 per person of liability coverage, so that a "household" claimant would be able to recover up to the minimum amount of liability insurance mandated by 21 *Del.C.* § 2902. *State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d at 561. This Court rejected State Farm's alternative argument for two reasons. First, the household exclusion clause violated the public policy of Delaware. *Id.* Second, the household exclusion clause in State Farm's policy was separable and could be stricken independently of the remaining contract provisions. *Id.*

### Nationwide's Contention
### Reformation Unnecessary

Nationwide has taken the same position in this case that was asserted alternatively by State Farm in *Wagamon*, to wit: that the household exclusion should be upheld beyond the statutory minimum amount of liability coverage required by Delaware law, $15,000 per person, $30,000 per accident. Nationwide contends that this Court did not uphold State Farm's alternative position in *Waga-*

---

1. An *absolute* household exclusion prevents a family member, residing in the insured's household, from recovering *any* amount of money under the policy, if the family member makes a liability claim for negligence against the insured.

The provision at issue here is a *modified* household exclusion, which limits the recovery of a family member residing in the insured's household to $15,000, the minimum liability coverage required by the Financial Responsibility Laws.

*mon* because, since the household exclusion in the State Farm policy was absolute, this Court would not "reform" the State Farm policy to read like the modified household exclusion in the Nationwide policy at issue in this appeal. Nationwide's opening brief states:

> Since reformation of the policy is not sought or required in the instant case, however, as the limitation on coverage at issue applies only to coverage in excess of the requirements of the Financial Responsibility Law, there is no conflict or inconsistency between the position taken by Nationwide here and the rulings of this Court in *Harris*[2] and *Universal Underwriters*.[3]

Building upon its analysis of the *ratio decidendi* in *Wagamon*, Nationwide argues there is no need for this Court to reform its policy language, because the policy is already written in the form of a modified household exclusion.

### Statutory Public Policy
### Financial Responsibility Laws
### Household Exclusions Invalid

According to Nationwide, there is only one public policy consideration, *i.e.*, that accident victims be assured of financial protection to the extent mandated by Delaware's Financial Responsibility Laws. If that were the only

2. *Harris v. Prudential Property & Cas. Ins. Co.*, Del.Supr., 632 A.2d 1380 (1993).

3. *Universal Underwriters Ins. Co. v. Travelers Ins. Co.*, Del.Supr., 669 A.2d 45 (1995).

4. This Court's position that these exclusions violate public policy regardless of any modification for the statutory minimum liability insurance was reiterated when we followed *Wagamon* in *Bass v. Horizon Assurance Company*, Del.Supr., 562 A.2d 1194 (1989). The PIP carrier in *Bass* argued to this Court that even if its DUI exclusion could not be upheld as to the minimum amount of PIP coverage required by statute, i.e., $15,000, the DUI exclusion should be upheld as to PIP coverage purchased by the insured in excess of the statutorily mandated amount. Relying upon *Wagamon*, this Court reached the same conclusion in *Bass:*

> As discussed earlier, *Wagamon* involved the validity of a household exclusion provision contained in an automobile insurance contract. In *Wagamon*, the insurer argued, as Horizon

public policy consideration, this Court would have upheld State Farm's alternative position in *Wagamon* that a household exclusion is valid and enforceable as to insurance coverage beyond the minimum amount required by statute.[4] The public policy considerations identified by this Court in *Wagamon* and its progeny are much more expansive.

■ The public policy of Delaware's Financial Responsibility Laws favors full compensation to all victims of automobile accidents. *Harris v. Prudential Property & Cas. Ins. Co.*, Del.Supr., 632 A.2d 1380, 1382 (1993). The General Assembly intended for that public policy to be implemented by affording opportunities for acquiring more than the statutorily mandated minimum amount of automobile insurance coverage. *See* 21 *Del.C.* § 2118(d). Nationwide's modified household exclusion is inconsistent with the statutory purpose of encouraging the Delaware driving public to purchase more than the statutory minimum amount of automobile insurance coverage.

The public policy of Delaware, as reflected in its Financial Responsibility Laws, also does not permit insurance companies to restrict liability coverage to certain claims based upon the relationship of the tort victim/plaintiff to the tortfeasor/defendant. *State Farm Mut. Auto. Ins. Co. v. Waga-*

does here, that if the exclusion at issue was deemed invalid, its liability under the policy should not exceed the statutory minimum required amount of $15,000. In *Wagamon*, this Court rejected the argument for two reasons:

> First, we have found the State Farm provision to be violative of public policy. Accordingly there is no basis for us to reform this exclusion without the full agreement of the parties.
>
> Second, when finding a contract provision violative of public policy, we follow the well-established rule of construction that if the offending provision is separable, it should be stricken, while the remaining contract provisions should be enforced.

Just as the household exclusion was entirely separable from the policy in *Wagamon* so is the DUI exclusion here, which can be severed from the policy without rendering the remaining provisions unenforceable.

*Bass v. Horizon Assurance Co.*, 562 A.2d at 1197–98 (*quoting State Farm Mut. Auto. Ins. Co. v. Wagamon*, Del.Supr., 541 A.2d 557, 561 (1988) (citations omitted)).

*mon,* 541 A.2d at 560. *See* 21 *Del.C.* § 2118 and 21 *Del.C.* § 2902. Nationwide's modified household exclusion is an attempt to restrict the class of protected persons. As such, Nationwide's modified household exclusion is inconsistent with this Court's holding in *Wagamon.* This Court rejects Nationwide's analysis of Delaware's Financial Responsibility Laws for the same public policy reasons that we rejected State Farm's alternative argument in *Wagamon.* Accordingly, we hold that the modified household exclusion in Seeman's insurance contract with Nationwide is void.

### Common Law Public Policy
### Parental and Interspousal Immunity
### Household Exclusion Invalid

■ The public policy of this State is not only expressed in legislative enactments but also evolves as a matter of common law. The Delaware common law no longer recognizes parental immunity for negligence arising from an automobile accident, to the extent that the actionable conduct is covered by liability insurance. *Williams v. Williams,* Del.Supr., 369 A.2d 669, 673 (1976). *See Sears, Roebuck & Co. v. Huang,* Del.Supr., 652 A.2d 568 (1995); *Schneider v. Coe,* Del. Supr., 405 A.2d 682 (1979). Interspousal immunity is also no longer recognized at common law in Delaware, without regard to the availability of insurance. *Beattie v. Beattie,* Del.Supr., 630 A.2d 1096, 1100–01 (1993). These public policies, which do not permit any household exclusions in insurance policies, were explained by this Court in *Williams v. Williams,* 369 A.2d 669, and *Beattie v. Beattie,* 630 A.2d 1096.

In *Williams,* we held that the doctrine of parental immunity was inapplicable in automobile negligence cases to the full extent of liability coverage:

> [W]e are of the opinion that an absolute rule of parental immunity in tort has no rational basis under modern day conditions and circumstances, especially [with] the prevalence of liability insurance. We hold, therefore, with an ever-increasing number of jurisdictions, that in an action for negligence arising from an automobile accident,

brought on behalf of an unemancipated minor child against a parent, the doctrine of parental immunity is not applicable to the extent of the parent's automobile liability insurance coverage; but that, otherwise, the doctrine is applicable in such case.

*Williams v. Williams,* 369 A.2d at 673. The public policy identified in *Williams* encourages parents to purchase automobile liability insurance to provide a source of compensation for children who are injured by a parent's negligent driving.

More recently, the common law doctrine of interspousal tort immunity was completely abrogated in *Beattie.* In doing so, we recognized that interspousal tort immunity at common law was inconsistent with the Delaware Financial Responsibility Laws. *Beattie v. Beattie,* 630 A.2d at 1100. In *Beattie,* we specifically relied, in part, on *Wagamon,* stating that "[a]lthough the *Wagamon* decision concerned a household exclusion in an insurance policy while the case at bar involves a common law doctrine, the important aspect of *Wagamon* is this Court's interpretation of the Financial Responsibility Laws." *Id.* at 1100, n. 10. Moreover, in *Beattie,* we reaffirmed the holding in *Wagamon* that Delaware's Financial Responsibility Laws "'are drafted in broad language which provides for liability coverage for *all* claims up to the stated limits, regardless of the identity of the plaintiff.'" *Id.* at 1100 (*quoting State Farm Mut. Auto. Ins. Co. v. Wagamon,* 541 A.2d at 560).

As we stated in *Wagamon,* "[t]he law admits of no exclusion intended to deny compensation to a portion of the class of victims which the statutes were designed to protect." *State Farm Mut. Auto. Ins. Co. v. Wagamon,* 541 A.2d at 560. The following statement by the New Jersey Supreme Court was cited with approval by this Court in *Williams* and is worthy of repetition:

> In a day when automobile accidents are unfortunately becoming so frequent and the injuries suffered by the passengers are often so severe, it seems unjust to deny the claims of the many because of the potentiality for fraud of the few. Moreover, there is something wanting in a sys-

tem of justice which permits strangers, friends, relatives and emancipated children to recover for injuries suffered as a result of their driver's negligence but denies this right to the driver's spouse and minor children who are also passengers in the same vehicle.

*Williams v. Williams,* 369 A.2d at 673 (*quoting Immer v. Risko,* N.J.Supr., 56 N.J. 482, 267 A.2d 481, 488 (1970)). *Accord Beattie v. Beattie,* Del.Supr., 630 A.2d at 1098–99.

The modified household exclusion in Nationwide's policy precluded Seemans from purchasing automobile liability insurance beyond the statutory minimum for the benefit of his son, Daniel. Such modified household exclusions deny the Delaware driving public the opportunity to purchase more than the statutory minimum amount, in order to compensate their own children and spouses injured in motor vehicle accidents caused by the parents' or spouses' negligence. Thus, Nationwide's modified household exclusion contravenes the public policy embodied in Delaware's tort law with regard to the limits on parental tort immunity and the complete abrogation of interspousal tort immunity. *See Williams v. Williams,* Del.Supr., 369 A.2d 669, 673 (1976); and *Beattie v. Beattie,* Del.Supr., 630 A.2d 1096, 1100–01 (1993). Accordingly, such an exclusion is void and unenforceable.

### *Wagamon and Cubler* ### *Any Household Exclusion Invalid*

Nationwide acknowledges that Seeman is entitled to have it provide automobile liability insurance coverage, up to the minimum limits required by Delaware's Financial Responsibility Laws, to cover his liability arising out of the injuries suffered by Daniel, a resident of Seeman's household. 21 *Del.C.* § 2118(a) and 2902(b)(2). Nationwide asserts that "[n]o decision of this Court has ever held that a limitation of automobile liability coverage *entirely above the statutorily required minimum* is void as against public policy." On the contrary, that is precisely what this Court held in *Wagamon* with regard to a household exclusion. The public policy of this State is to allow the children and spous-

es of negligent drivers to recover at least to the full extent of the tortfeasor's liability insurance. *See Williams v. Williams,* Del. Supr., 369 A.2d 669, 673 (1976); and *Beattie v. Beattie,* Del.Supr., 630 A.2d 1096 (1993).

In *Wagamon,* this Court compared the absolute household exclusion at issue in *Wagamon,* with the Delaware Financial Responsibility Laws. *State Farm Mut. Auto. Ins. Co. v. Wagamon,* Del.Supr., 541 A.2d 557, 560 (1988). We concluded that the total household exclusion conflicted with the financial responsibility provisions of 21 *Del.C.* § 2118(a)(1) and 2902(b)(2). Therefore, we held that "[a]ny attempt to restrict this class of protected persons is invalid." *Id.* at 560. Further, "[t]he law admits of no exclusion intended to deny compensation to a portion of the class of victims which the [Financial Responsibility Laws] were designed to protect." *Id.*

This Court has been consistent in its interpretation of *Wagamon,* as the Superior Court observed when it relied upon our recent statements in *Cubler v. State Farm Mut. Ins. Co.,* Del.Supr., 679 A.2d 66 (1996). In *Cubler,* we summarized our holdings construing exclusions in automobile liability insurance policies, as follows:

This Court has identified three types of exclusions. First are those exclusions which would negate the minimum mandatory statutory liability and no-fault coverages. They are, to that extent at least, unenforceable *per se.* The second category of exclusions are those which are *not both* customary as well as consistent with the statute. They are unenforceable to any extent. *Hudson v. State Farm Mutual Ins. Co.,* Del.Supr., 569 A.2d 1168 (1990) (invalidating exclusion for reckless and intentional conduct); *Bass v. Horizon Assurance Co.,* Del.Supr., 562 A.2d 1194 (1989) (invalidating exclusion for driving under the influence); *State Farm Mutual Auto. Ins. Co. v. Wagamon,* Del.Supr., 541 A.2d 557 (1988) (invalidating exclusion for claims by household members). The third type of exclusions *are both* customary and consistent with the statutory requirements. They are enforceable beyond the minimum coverage mandated by statute. *Harris v.*

*Prudential Property and Casualty Ins. Co.,* 632 A.2d at 1381; *Universal Underwriters Ins. Co. v. The Travelers Ins. Co.,* 669 A.2d at 48.

*Id.* at 70–71 (certain citations omitted). Nationwide apparently wrote the modified household exclusion at issue in the case *sub judice,* based upon a misconstruction of this Court's holding in *Wagamon* and its progeny.

### Conclusion

Once again, we hold that any household exclusion in a Delaware automobile insurance policy is void and unenforceable based on the established precedents of this Court noted above. The judgment of the Superior Court is affirmed.