**SELECTIVE INSURANCE COMPANY, Appellee Below, Appellant,**

v.

**Edward LYONS, Appellee Below, Appellee,**

and

**Allstate Insurance Company, Appellant Below, Appellee.**

No. 388, 1995.

Supreme Court of Delaware.

Submitted: June 13, 1996.
Decided: Aug. 9, 1996.

Roger D. Landon (argued), and Jayson W. Sowers, Murphy, Welch & Spadaro, Wilmington, for Appellant Selective Insurance Company.

Michael A. Pedicone, Dennis D. Ferri, P.A., Wilmington, for Appellee Allstate Insurance Company.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court en Banc.

WALSH, Justice:

Selective Insurance Company ("Selective") appeals a decision of the Superior Court requiring it to pay benefits to Edward Lyons ("Lyons"), who was injured in an accident involving a Selective policy holder. The Superior Court based its decision on its determination that Lyons was not an occupant of his car at the time of the accident and therefore the occupant of another vehicle exclusion in the Selective Policy was not invoked. The Superior Court's definition of "occupant," however, is at variance with previous construction of the term under Delaware law. Furthermore, the Superior Court's rationale

for the construction of occupant it chose is at odds with the language of the relevant statute. We therefore reverse.

## I.

The parties have stipulated to the facts underlying this dispute over insurance coverage. On May 30, 1994, Lyons was at a Shell service station located at Delaware route 273 and Appleby Road in Newark, Delaware, for the purpose of pumping gasoline into his automobile. At the same time and place, an automobile owned and operated by Barbara Phillips ("Phillips") was located directly behind Lyons' vehicle. While Lyons was standing behind his vehicle filling it with gasoline, with his hand on the gasoline hose nozzle and the nozzle inserted into his automobile's gas tank filler neck, Phillips drove her vehicle forward, striking Lyons and pinning him between the two vehicles. As a result of this accident, Lyons suffered personal injuries. In addition, he has incurred medical expenses and has lost wages.

At the time of this accident, Lyons' car was insured by Allstate Insurance Company ("Allstate"). The coverage included personal injury protection ("PIP") coverage,[1] as required by 21 *Del.C.* § 2118 (the "No–Fault Statute"), for up to $50,000 for each person for up to three years after the accident. Phillips' vehicle was insured by Selective under a policy which included PIP coverage, as required by 21 *Del.C.* § 2118, up to $30,000 for each person for up to two years after the accident.[2]

## II.

Lyons filed a demand for automobile insurance arbitration, seeking a declaration of his rights under insurance policies with Allstate (his own carrier) and Selective (the carrier for the car that struck him) to PIP benefits pursuant to 21 *Del.C.* § 2118(a). The Insurance Commissioner's Arbitration Panel concluded that Lyons was an "occupant" of his own automobile at the time of the accident. Since Lyons was an occupant of his vehicle, it was determined that Selective had no responsibility to pay PIP benefits to Lyons because of a specific exclusion in the Selective policy for occupants of other vehicles.

A *de novo* appeal was taken to the Superior Court pursuant to 21 *Del.C.* § 2118(j)(5). After all parties had moved for summary judgment, the Superior Court found in favor of Lyons and Allstate. The court noted that under the language of the Allstate policy, Lyons was entitled to PIP benefits under his Allstate policy if injured "while in, on, getting into or out of, or through being struck by any motor vehicle." Holding that Lyons was injured "through being struck by a motor vehicle," the Superior Court held that Lyons was entitled to PIP benefits from Allstate. The court went on to note that "[s]ignificantly, this result is reached *without* considering whether or not plaintiff was an occupant of or occupying his vehicle." Since the Superior Court had not found that Lyons was an occupant of his own car, it concluded he was therefore entitled to PIP benefits from Selective, despite the language which excluded occupants of other vehicles.

On appeal, Selective argues that, on the conceded facts, the Superior Court should have found that Lyons was an occupant of his own vehicle. Such a determination would, of course, invoke the exclusion in the Selective policy so that Lyons would be limited to PIP benefits from Allstate only. In support of the Superior Court decision, Allstate argues that this Court has interpreted the purpose of the No–Fault Statute as promoting maximum coverage to the insured. In this spirit, the Selective policy should be interpreted to provide coverage to Lyons under the Selective policy.

Since "[t]he Superior Court's interpretation of an insurance policy is a determination of law," our review is *de novo*. *Universal*

---

1. PIP coverage is also referred to as no-fault coverage.

2. When this case was submitted for summary judgment in the Superior Court, Allstate had paid Lyons over $18,848 in PIP benefits for medical expenses and lost wages. Allstate agreed to

pay a total of approximately $19,500 in PIP benefits, after which it would decline to pay further. Selective had paid Lyons $11,845.06 in PIP benefits for medical expenses and had declined to pay further.

*Underwriters Ins. Co. v. The Travelers Ins. Co.*, Del.Supr., 669 A.2d 45, 47 (1995). Because the controversy was submitted on a stipulation of facts, there is no impediment to our plenary review of the Superior Court's legal determination.

### III.

Statutory enactments may significantly constrain the parties to an automobile insurance contract as to the scope and content of coverage. *Universal Underwriters*, 669 A.2d at 47. In Delaware, owners of automobiles are required to carry minimum liability and personal injury protection insurance. 21 *Del.C.* § 2118(a); [3] 21 *Del.C.* § 2902(b)(2); [4] *Cubler v. State Farm Mut. Auto. Ins. Co.*, Del.Supr., 679 A.2d 66, 68 (1996); *Harris v. Prudential Property and Casualty Ins. Co.*, Del.Supr., 632 A.2d 1380, 1381 (1993); *State Farm Mut. Auto. Ins. Co. v. Wagamon*, Del.Supr., 541 A.2d 557, 560 (1988). The No–Fault Statute mandates that this "coverage . . . shall be applicable to each person occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle, other than an occupant of another motor vehicle." 21 *Del.C.* § 2118(a)(2)(c). Thus, the otherwise broad coverage required by the statute does not extend to occupants of other vehicles, who are presumably protected by the reciprocal PIP benefits of their own policies.

In interpreting this statute, legislative intent controls. *Klotz v. Warner Communications, Inc.*, Del.Supr., 674 A.2d 878, 879 (1995); *Spielberg v. State*, Del.Supr., 558 A.2d 291, 293 (1989). The purpose of the No–Fault Statute is to remove the expense and uncertainty of automobile accident litigation, allowing the insured to receive prompt payment for medical expenses and lost wages regardless of who was at fault. *Crum & Forster Ins. Group v. Wright*, Del.Supr., 634 A.2d 373, 376 (1993); *Bass v. Horizon Assurance Co.*, Del.Supr., 562 A.2d 1194, 1196 (1989). In addition, this Court has held that the objective of the No–Fault Statute is "to enable persons who have been injured in automobile accidents to receive from their own insurance carriers the economic benefit of immediate payment without awaiting protracted litigation." *Crum & Forster*, 634 A.2d at 376 (internal quotation marks and citations omitted).

### IV.

The Superior Court interpreted the Delaware decisional statements of statutory purpose as promoting the maximization of

---

**3.** The relevant portion of 21 *Del.C.* § 2118(a) provides:

(a) No owner of a motor vehicle registered in this State . . . shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

(1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle to the limit, exclusive of interest and costs, of at least the limits prescribed by the Financial Responsibility Law of this State.

(2) a. Compensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident for:

1. Medical, hospital, dental, surgical, medicine, x-ray, ambulance, prosthetic services, professional nursing and funeral services. . . .

2. Net amount of lost earnings. . . .

c. The coverage required by this paragraph shall be applicable to each person occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle, other than an occupant of another motor vehicle.

**4.** This statute is part of the "Delaware Financial Responsibility Law." Section 2902(b)(2) of title 21 provides:

(b) Such owner's policy of liability insurance shall:

(2) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $15,000, because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person[,] $30,000, because of bodily injury to or death of 2 or more persons in any 1 accident, and $5,000, because of injury to or destruction of property of others in any 1 accident.

coverage for the benefit of the injured party. To effectuate this purpose, the Superior Court adopted a strict construction of the term "occupant." In this case, however, such an approach is not warranted. Delaware law requires that "occupant" be construed consistently and the occupant exclusion allowed by statute be given effect.

### A.

In interpreting the Selective and Allstate insurance policies, the Superior Court chose to adopt a strict definition of the word occupant. After surveying the law on the subject, the Superior Court "conclude[d] that an occupant of an automobile for purposes of payment of PIP benefits includes any person who is riding in or upon a vehicle, or who has begun the immediate act of entering into or alighting from a vehicle." The court concluded from this definition that Lyons was not an occupant, but a pedestrian, since he was outside the vehicle pumping gas.

In so holding, the court implicitly rejected the liberal construction of the term occupant as expressed in a series of Superior Court decisions. *See, e.g., Thomas v. Nationwide Mut. Ins. Co.,* Del.Super., C.A. No. 82C-NO-109 (Feb. 8, 1984); *Walker v. M & G Convoy, Inc.,* Del.Super., C.A. No. 88C-DE-191, 1989 WL 158511 (Nov. 2, 1989); *Messick v. Reliance Ins. Co.,* Del.Super., C.A. No. 94C-07-188, 1995 WL 465181 (July 26, 1995). Under the liberal definition, a person is an occupant of a vehicle if he or she is either within a reasonable geographic perimeter of the vehicle or engaged in a task related to the operation of the vehicle.

 The Superior Court chose strict construction in order to achieve what it viewed as the statute's goal of full compensation for the injured party, *i.e.,* to provide coverage under both PIP policies. While this is a laudable goal, the rationale is contrary to the plain language of the statute, § 2118(a)(2)(c), which authorizes the exclusion of occupants of other vehicles. An exclusion based on an explicit statutory allowance cannot be disfavored as contrary to the statute's underlying purpose. *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06 (5th ed. 1992). Because of the explicit statutory authorization for the exclusion, the Superior Court's contrary statutory purpose justification for strict construction of occupant is not persuasive. Consequently, the court erred in applying the strict definition and holding that Lyons was not an occupant of his own car for the purpose of PIP coverage.

### B.

Usually, a liberal definition of occupant is applied so that the injured insured will be compensated without strict scrutiny of the physical location of the insured. *See Goodwin v. Lumbermens Mut. Casualty Co.,* 199 Md. 121, 85 A.2d 759, 763–64 (1952). Moreover, a liberal definition of occupant allows parties injured in accidents involving motor vehicles to receive medical payments from their carriers quickly and efficiently by eliminating the arbitrary distinctions drawn by other definitions of occupant. *See Thomas* at 7–8; *cf. Crum & Forster,* 634 A.2d at 376 (statutory aim is "immediate payment without awaiting protracted litigation"). A liberal definition also removes uncertainty regarding the contractual obligations of insurance companies, thereby decreasing the expense of litigation.

For these reasons of sound public policy, Delaware courts have consistently applied the liberal definition of occupant when interpreting insurance policies and we hold to this interpretation. When interpreting words contained in the Delaware Code, such as "occupant" in 21 *Del.C.* § 2118(a)(2)(c), meanings which have gained judicial acceptance cannot be discarded without justification. *Moore v. Wilmington Housing Authority,* Del.Supr., 619 A.2d 1166, 1173 (1993) ("undefined code terms must be construed according to their ... approved usage"); *see Slingwine v. Industrial Accident Bd.,* Del.Supr., 560 A.2d 998, 1000 (1989). "Technical words ... and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." 1 *Del.C.* § 303. In order to achieve some degree of certainty, the liberal definition of occupant, on which parties have come to rely

and which established case law reflects, should have been applied in this case with respect to both policies under review.

The Superior Court distinguished this case from *Thomas* and cases following it since this case presents the factual situation where a liberal definition will be to the disadvantage of the insured. Despite the statute's purpose of compensating injuries arising out of vehicular accidents, however, coverage must have limits. *Thomas* and the Delaware decisions following it for over a decade should be followed, and the liberal definition must still be applied consistently.

## V.

 Under the appropriate definition of occupant, Lyons is entitled to insurance from Allstate but not Selective. The Allstate policy, under which Lyons was the insured, provided coverage for an injured party who was an occupant of Lyons' vehicle or was injured by being struck by another vehicle. The Selective policy provided coverage for any person injured by an accident with the insured vehicle, provided that the injured person is not an occupant of another vehicle. As such the Selective policy tracks the language of the statute. *See* 21 *Del.C.* § 2118(a)(2). An exclusion based on the specific wording of the statute cannot be avoided as contrary to the statute's underlying purpose.

■ Under the accepted liberal definition of occupant, Lyons was an occupant of his car. He was both within a "reasonable geographic perimeter" of the vehicle and he was engaged in a task, pumping gasoline, "related to the operation of the vehicle." As an occupant, Lyons is entitled to coverage under his Allstate policy. By the same analysis, Lyons must be denied coverage under the Selective policy since he is an occupant of a vehicle other than the one primarily insured under the Selective policy. Thus, the exclusion specifically allowed by 21 *Del.C.* § 2118(a)(2)(c) precludes coverage.

5. The majority of jurisdictions do not allow coordination of benefits between the injured party's policy and the tortfeasor's policy. 12A *Couch on Insurance* 2d § 45:665 (rev. ed. 1981). Lyons

No fault benefits are generally meant to be paid by first party insurance. Since PIP is available to Lyons through his own insurer, the objective of the statute is satisfied. *See Crum & Forster,* 634 A.2d at 376. The exclusion for occupants of other vehicles is found in almost all, if not all, insurance polices. The exclusion avoids multiple payment of PIP benefits when the injured claimant can reach PIP benefits elsewhere.[5] The meaning of occupancy has been construed liberally to achieve the goals of the statute. The consistent application of this definition and the policy of the statute require that we adhere to that liberal definition in this case. *See* 1 *Del.C.* § 303. Accordingly, we reverse the ruling of the Superior Court and remand the case for entry of judgment consistent with this opinion.

still has a tort claim against Phillips (which Selective must defend), and Allstate has the right of subrogation for PIP payments made.