**Michael D. HARRIS, a Minor, by His Next Friend, Carrie C. HARRIS, His Mother, and Carrie C. Harris, Individually, Plaintiffs.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a Foreign Corporation, Defendant.**

**C.A. No. 95C–08–008.**

Superior Court of Delaware, Kent County.

Submitted: Jan. 24, 1997.

Decided: Feb. 6, 1997.

---

William D. Fletcher, Jr., Schmittinger & Rodriguez, Dover, for Plaintiffs.

Norman H. Brooks, Jr., Palmer, Goll & Coates, Newark, for Defendant.

## OPINION

TERRY, Resident Judge.

Cross-motions for partial summary judgment have been filed by the plaintiffs and the defendant in this action as to count I of the complaint which involves a claim for Personal Injury Protection benefits, otherwise known as PIP benefits. The plaintiff, Michael D. Harris, was injured when at the age of twelve he drove off in an acquaintance's car and hit a tree. The car was insured by the defendant, Nationwide Mutual Insurance Company, which denies any liability for payment of the substantial medical expenses incurred to treat Harris. Consequently, his mother filed this suit in her own right and as her son's next friend.

Summary judgment may only be granted when the court concludes that the pleadings and the record show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] On cross-motions for summary judgment, the parties implicitly concede the absence of any material factual disputes and acknowledge the sufficiency of the record to support their respective motions.[2]

The undisputed facts are that Harris was standing on the street talking with some friends when an acquaintance pulled up in a car and parked in front of a trailer. The acquaintance left the keys in the car and went inside the trailer. After a while Harris decided to drive off in the car. He took it out of the trailer park to Route 13 and eventually drove it into a tree and injured himself. Both sides agree that Harris had neither express nor implied permission to drive away in the car.

The viability of plaintiffs' claim hinges on whether PIP benefits are payable to any person who is injured while occupying a motor vehicle or only to those who are injured while occupying it with either express or implied permission.

Personal injury protection benefits are mandated by the No–Fault Statute found at 21 *Del.C.* § 2118. That statute provides at section (a) that the owner of a motor vehicle registered in Delaware shall not operate or authorize any other person to operate such vehicle unless the owner has insurance on it which includes coverage for medical, hospital and surgical expenses incurred by an injured person. These are what are referred to as PIP benefits. At section (c) the statute says in part that "the coverage required by this paragraph shall be applicable to each person occupying such motor vehicle."

The No–Fault Statute also provides that policies issued "may be subject to conditions and exclusions customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section ..." 21 *Del.C.* § 2118(f). The insurance policy issued by Nationwide in this case excluded from PIP benefits "anyone while operating your auto without your express or implied permission."

The no-fault insurance statute at 21 *Del.C.* § 2118 where PIP coverage is mandated and defined has been determined by the Delaware Supreme Court in *Selective Insurance Company v. Lyons*,[3] to be part of the Delaware Financial Responsibility Law which is found at 21 *Del.C.* Ch. 29. Therefore, according to *State Farm Mutual Automobile*

---

1. Super.Ct.Civil R. 56(c); *Moore v. Sizemore*, Del. Supr., 405 A.2d 679, 680 (1979).

2. *Browning–Ferris v. Rockford Enterprises*, Del.Super., 642 A.2d 820, 823 (1993) (citing *Mer-*

*rill v. Crothall–American, Inc.*, Del.Super., 606 A.2d 96, 100 (1992)).

3. *Selective Ins. Co. v. Lyons*, Del.Supr., 681 A.2d 1021 (1996).

*Insurance Company v. Wagamon,*[4] the two statutes must be read together. The ultimate objective as noted in *Lyons,*[5] is to ascertain the legislative intent because what the legislature intended controls.

In a series of decisions the courts in Delaware have held that the legislative policy underlying the Financial Responsibility Law is that automobile insurance policies should be liberally construed in favor of the insured so as to maximize coverage for the benefit of the injured party. This policy was applied by the Delaware Supreme Court to invalidate a household exclusion for liability coverage in *Wagamon*[6] as being inconsistent with the policy underlying the Financial Responsibility Law. Similarly, the court invalidated an exclusion which provided that there was no PIP coverage for someone who recklessly or intentionally caused an accident in *Hudson v. State Farm Mutual Insurance Company*[7]. The court also took the occasion in *State Farm Mutual Automobile Insurance Company v. Washington,*[8] to invalidate a named driver exclusion that attempted to limit uninsured/underinsured coverage as being contrary to public policy. Those cases all rested on the theory that such exclusions were not authorized by the statute and although they may have been customary in the field of insurance, they contravened the State's public policy.

However, although Delaware's policy is to liberally construe insurance policies issued under the Financial Responsibility Law in favor of finding coverage for an injured person, there is a limit. In *Lyons,*[9] the court held that an exclusion which works against coverage for an injured person must be given effect if permitted by the statute. Such an exclusion cannot be simply ignored because by enacting a statute which permits an exclusion the legislature has established a specific policy on that subject. The court wrote that

"an exclusion based on an explicit statutory allowance cannot be disfavored as being contrary to the statute's underlying purpose."

The courts have recognized that the public policy underlying the enactment of our Financial Responsibility Law, specifically as it pertains to PIP, is to encourage the purchase of insurance for protection against bodily injury. In particular, *Bass v. Horizon Assurance Company,*[10] held that the No–Fault Statute with which we are concerned implements the State's public policy which is to allow an injured person to promptly recover medical expenses regardless of fault and to assure the health care providers that they will be paid regardless of the cause of the accident. In *Bass* the Delaware Supreme Court invalidated an exclusion which made PIP benefits inapplicable to a driver who is convicted of driving under the influence, because there is no authorization in the statute for such an exclusion and such an exclusion conflicts with the public purpose underlying the No–Fault Statute. In doing so the court said, "this Court will not read exclusions into statutory mandated coverage in the absence of express legislative authorization."

It is this principle upon which plaintiffs base their case. Their argument is that the phrase found at § 2118(c) means exactly what it says: PIP coverage is applicable to "each person occupying such motor vehicle." The plaintiffs say that since the statute does not expressly permit the exclusion from coverage of persons using the vehicle without permission, the Nationwide exclusion is invalid.

As already noted the Nationwide exclusion is invalid unless it complies with § 2118(f) as being a customary exclusion which is not inconsistent with the purpose of the statute. Since the plaintiff does not dispute the first premise that it is a customary exclusion, I

4. *State Farm Mut. Auto. Ins. Co. v. Wagamon,* Del.Supr., 541 A.2d 557 (1988).

5. *Selective Ins. Co. v. Lyons,* 681 A.2d at 1024.

6. *State Farm Mut. Auto. Ins. Co. v. Wagamon,* 541 A.2d at 561.

7. *Hudson v. State Farm Mut. Ins. Co.,* Del.Supr., 569 A.2d 1168 (1990).

8. *State Farm Mut. Auto. Ins. Co. v. Washington,* Del.Supr., 641 A.2d 449 (1994).

9. *Selective Ins. Co. v. Lyons,* 681 A.2d at 1025.

10. *Bass v. Horizon Assur. Co.,* Del.Supr., 562 A.2d 1194, 1196 (1989).

will turn to the question of whether such an exclusion conflicts with the public purpose of the statute.

Section 2118(a) requires the owner of a vehicle registered in this State to carry the insurance coverage, including PIP, mandated by § 2118 as a condition of operating or *"authorizing* any other person" to operate the vehicle. (emphasis added). In addition to PIP coverage, the statute also requires liability coverage and at § 2118(a)(1) it expressly refers to the Financial Responsibility Law. The statute dealing with the requirements for liability insurance under the Financial Responsibility Law is found at 21 *Del.C.* § 2902(b)(2) where it mandates that the liability portion of insurance policies issued pursuant to the statute provide coverage to the named insured and to any other person using the vehicle "with the express or implied permission of the named insured."

Since the two statutes must be read in pari materia it is obvious that the General Assembly intended that insurance companies are only required to provide PIP and liability coverage to persons operating a motor vehicle with express or implied permission. This conclusion is supported by both the cases and logic.

The Delaware Supreme Court has held that liability coverage required under § 2902 only pertains to a permissive operator.[11] If non-permissive operators are allowed to be excluded from liability coverage under § 2902, it logically follows that they may also be excluded from PIP coverage under § 2118 since the statutes are to be read together. That this result is consistent with the legislative intent is further buttressed by the fact that the first paragraph of § 2118 speaks in terms of the owner or anyone "authorized" by him to operate the insured vehicle which suggests that the legislature was concerned with authorization. This approach is identi-

cal to that undertaken by Judge Balick in his unreported opinion in *Menefee v. State Farm Mutual Insurance Company,*[12] which predates *Bass* and the recent series of other cases cited herein. Those subsequent cases are consistent with the public policy and statutory analysis performed in *Menefee* where Judge Balick concluded that PIP coverage is not mandated by the statute in respect to those who operate a motor vehicle without permission.

■ Applying the principles discussed above leads to the conclusion that § 2118(c) must be interpreted to mean that insurance companies are only required to issue policies which provide PIP coverage to those who are operators of a motor vehicle with the express or implied permission of the insured. In other words, an insurance company may exclude non-permissive operators. It must be kept in mind that an insurance company is always permitted to write more than the minimum coverage required by the statute, and it may, thus, elect not to exclude non-permissive operators. But in this case Nationwide elected to exclude operators without permission and it has a right to do so.[13] To decide otherwise would disregard the clear meaning of Sections 2118 and 2902 when read together. It would also defy common sense. When a person buys insurance the expectation is to provide coverage for the insured and for those given permission to use the car. One doesn't expect to insure a thief who steals his car. Furthermore, it would be logically inconsistent to say that a person who operates a car without permission and injures an innocent third party in a collision is covered under PIP for his own injuries but is without liability coverage to protect the innocent victim. It is not reasonable to believe that the General Assembly intended to enact a Financial Responsibility Law which mandates coverage to the wrong-doer but not to an innocent victim.

---

**11.** *State Farm Mut. Auto. Ins. Co. v. Wagamon,* 541 A.2d at 560; *Cubler v. State Farm Mut. Auto. Ins. Co.,* Del.Supr., 679 A.2d 66, 70 (1996).

**12.** *Menefee v. State Farm Mut. Ins. Co.,* Del.Super., C.A. No. 83C–DE–53, 1986 WL 253, Balick, J. (July 11, 1986).

**13.** In this case Harris was "operating" the automobile within the ambit of the exclusion, the Statute and *Wagamon and Cubler* cited herein. It is not necessary for me to reach the question of whether or not he would be covered if he were simply a passenger. It is enough to say that under these facts he is not an "occupant" as used at § 2118(c) since that term does not apply to a non-permissive operator of a vehicle.

Therefore, the defendant's motion for partial summary judgment as to count 1 is **granted** and the plaintiffs' motion for partial summary judgment as to count 1 is **denied**.

### ORDER

This 31st day of January, 1997, defendants' motion for partial summary judgment as to count 1 is *granted* and plaintiffs' motion for partial summary judgment as to count 1 is *denied*.

***IT IS SO ORDERED.***